[Civ. No. 5322.   Third Appellate District.—May 4, 1935.]

IVAN D. MYERS, Jr., a Minor, etc., Appellant, v. HOPLAND UNION ELEMENTARY SCHOOL DISTRICT OF MENDOCINO COUNTY, Respondent.

Charles Kasch for Appellant.

Lilburn Gibson, District Attorney, for Respondent.

COATS, J., *pro tem.*—The plaintiff brings this action through his guardian *ad litem.* He was a pupil in the Hopland Union Elementary School and was of the age of six years when he was injured by a fall from the schoolhouse porch. The action is predicated upon the claim that the school property was in a dangerous and defective condition because there was no railing around the porch, and upon the carelessness and negligence of the trustees in allowing this condition to exist. The court made no findings upon these issues but did specifically find that no verified claim for damages was presented to the board of trustees of the school district or to any officer, or clerk or secretary thereof within ninety days after the accident, and thereupon rendered judgment for the defendant. The appeal is upon the judgment roll.

The right to maintain an action of this nature is authorized by the provisions of the act of June 13, 1923 (Stats. 1923, p. 675) and section 2.801 of the School Code.

This right only exists by virtue of statutory enactment and the legislature having granted the right may also prescribe the procedure by which it may be enforced. This it has done by the act of June 19, 1931 (Stats. 1931, p. 2476), which provides that whenever it is claimed that a person has been injured as a result of the dangerous or defective condition of a public building, grounds, works or property of a school district, or of the carelessness or negligence of a public officer of a school district, a verified claim for damages shall be presented in writing and filed with such officer and the clerk or secretary of the legislative body of the school district within ninety days after such accident. The provisions of this section are mandatory and a person has no right to maintain such an action unless he complies

therewith. (*Thompson* v. *City of Los Angeles,* 140 Cal. App. 73 [35 Pac. (2d) 185].) ▇ Plaintiff, although a minor, is bound by its provisions as there is nothing in the act excepting minors from its operation. (*Phillips* v. *City of Los Angeles,* 140 Cal. App. 78 [35 Pac. (2d) 187].)

Plaintiff cites *Bates* v. *Escondido Union High School District,* 133 Cal. App. 725 [24 Pac. (2d) 884], and contends that this case establishes as law that the filing of a verified claim is not necessary in cases of this nature. The cause of action in that case arose out of the negligent operation of a school bus by an employee, and not an officer of the district, and came clearly within the provisions of section 1714½ of the Civil Code. The court held that the act of June 19, 1931, as then existing, did not require the filing of a verified claim before instituting such an action, but recognized and clearly declared that the act did require the filing of such an action when the injury resulted from the dangerous or defective condition of certain publicly-owned property described in the act, or where it was caused by the negligence of an officer. Such is the nature of the present action. The accident in the *Bates* v. *Escondido* case occurred in the year 1931. The legislature in 1933 (Stats. 1933, p. 2147) amended the act of June 19, 1931, to provide that the words "public property" includes any vehicles and the word "officers" includes employees. The provisions of the act of June 19, 1931, are therefore now applicable to causes of action against school districts, whether they come within the provisions of the act of June 13, 1931, section 1714½ of the Civil Code, or section 2.801 of the School Code.

The failure of plaintiff to present his claim as required by law is fatal to his cause of action. (*Bancroft* v. *City of San Diego,* 120 Cal. 432 [52 Pac. 712].)

The judgment is affirmed.

Plummer, J., and Pullen, P. J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 1, 1935.