[Civ. No. 6953. Third Dist. Dec. 2, 1943.]

TOMMY ODA, a Minor, etc., Appellant, v. ELK GROVE UNION GRAMMAR SCHOOL DISTRICT, Respondent.

Robert H. Schwab for Appellant.

Gerald M. Desmond and Gerald B. Wallace for Respondent.

THOMPSON, J.—This suit was instituted by plaintiff, a minor, through his duly appointed guardian against defendant school district, to recover damages to plaintiff as a result of the alleged negligence of a driver of a school bus owned by defendant district.

The defendant made a motion for nonsuit after the introduction of certain evidence, both oral and documentary. After a hearing thereof the trial court entered an order granting the motion for nonsuit, and thereafter a judgment of dismissal was entered. The motion for nonsuit was granted and the judgment of dismissal entered on the ground that the claim filed by plaintiff with the school district pursuant to section 2.801 of the School Code, was fatally defective in that it was not a verified claim as required by law.

It was stipulated between the parties subsequent to the entry of judgment that the only question to be determined was that of substantial compliance with section 2.801 of the School Code. Plaintiff has confined his argument on the present appeal to the sole question as to whether the foregoing

section of the School Code has not been substantially complied with even though there was a failure to verify the claim filed with the school district.

Plaintiff contends that since the claim required by the provisions of section 2.801 sufficiently apprised the school district of all matters necessary for a proper investigation concerning the merits thereof, that the purpose for the requirement of such a claim has been fulfilled and that no further benefit could have been derived by its having been verified. In support of his argument that it should be deemed that the filing of the unverified claim with the school district nevertheless constituted a substantial compliance with the pertinent code provision, the plaintiff points to the language employed in paragraph 3 of Preliminary Provisions of the School Code. This language is as follows:

"The Code establishes the law of this state respecting the subjects to which it relates, and its provisions and all proceedings under it are to be liberally construed, with a view to effect its objects and to promote justice."

It is urged by plaintiff that the effect given to the provisions of section 2.801 by the trial court, resulted in a strict construction of the terms thereof rather than a liberal one such as is enjoined upon the courts by the application of the mandate contained in the language of paragraph 3 above mentioned.

The language of section 2.801 of the School Code is as follows:

"Injuries arising out of negligence: Time for filing claim: Contents of claim. Boards of school trustees, high school boards, junior college boards and boards of education are liable as such in the name of the district for any judgment against the district on account of injury to person or property arising because of the negligence of the district, or its officers or employees; *provided, however, that a verified claim for damages shall have been presented in writing and filed with the secretary or clerk of the school district within ninety (90) days after such accident has occurred.* Such claim shall specify the name and address of the claimant, the date and place of the accident and the extent of the injuries or damages received." (Italics ours.)

Plaintiff's right to maintain an action against defendant school district authorized by section 2.801 exists only

by virtue of said statutory enactment as no such liability provided for therein existed at common law. It is well established, therefore, that the Legislature having granted such a right by statutory enactment, it may also prescribe the procedure by which it may be enforced. In this regard the particular section of the School Code involved in the present action specifically provides as a condition precedent to the securing of a judgment against a school district, that a *verified claim* for damages be presented in writing and filed with such school district within ninety days from the time of the occurrence of the accident.

Irrespective of plaintiff's argument to the effect that his unverified claim has satisfied the purposes intended by the requirements of section 2.801 in that all matters necessary to a proper investigation into the merits of his particular claim have been supplied to the school district, it is our opinion that the requirement that a verified claim for damages be filed with the school district is a necessary prerequisite to the maintaining of suit by any party against the school district.

The requirement is mandatory and it is therefore unnecessary to further debate the question of substantial compliance with section 2.801, as contended by plaintiff.

The decision in the case of *Spencer* v. *City of Calipatria*, 9 Cal. App. 2d 267 [49 P.2d 320], is, we believe, controlling of the question presented in the instant case, irrespective of the fact that suit therein was brought against a municipality and did not involve the application of the provisions of the School Code. The action against the city of Calipatria was instituted to recover damages for injuries alleged to have been received through a defective sidewalk located within the city. Suit was brought under the Statutes of 1931, pp. 2475 and 2476 (Deering's Gen. Laws, Acts 5149 and 5150) which statutes required the filing of a verified claim and performance of certain essential acts before the filing of suit against a municipality. Plaintiff therein did deliver a written claim to the city clerk and to the board of trustees of the city of Calipatria, setting forth certain facts concerning his injuries and claiming compensation therefor but no verified claim was filed as required by the statutes. The contention was made, as it is in the present case, that there was substantial compliance with the statutory

provisions under which that suit was brought. The court at page 269 of the opinion held otherwise, and said:

"Not only is the filing of an unverified claim not a substantial compliance with a statute requiring that a verified claim be filed but, in two recent cases, it has been held that the provisions of the two statutes here in question are mandatory and must be complied with in order to lay the foundation for an action. (*Thompson* v. *County of Los Angeles,* 140 Cal. App. 73 [35 P.2d 185]; *Myers* v. *Hopland Union Elementary School District of Mendocino County,* 6 Cal. App. 2d 590 [44 P.2d 654].) No right to bring such an action exists independent of statutory enactment and, in giving such a right, the legislature may prescribe the procedure and conditions under which it may be exercised. That such a claim must be verified is a reasonable provision which should not be held to be ineffectual and meaningless."

No sound reason is advanced why the law applicable to the filing of verified claims with municipalities and counties should not apply to section 2.801 of the School Code, which by the provisions therein clearly indicates the necessity of taking certain steps as a condition precedent to the maintaining of an action against a school district. We do not believe there is any sound reason for making such distinction. The same principle is applicable to this case.

The case of *Myers* v. *Hopland Union Elementary School District,* 6 Cal. App. 2d 590 [44 P.2d 654], decided by this court, and cited with approval in the Spencer case, *supra,* also supports our conclusions in the present case. In the Myers case the plaintiff, a minor, through his guardian ad litem, brought an action against the school district to recover for injuries received as a result of the alleged dangerous and defective condition of the school property. Plaintiff's right to maintain an action against the school district was authorized by the provisions of the act of June 13, 1923 (Stats. 1923, p. 675) and section 2.801 of the School Code. The act of June 19, 1931 (Stats. 1931, p. 2476), in effect at the time of plaintiff's injuries, provided that a person injured as a result of the dangerous or defective condition of school premises or buildings or as a result of the negligence of a public officer of a school district shall file with the school district within ninety days of the accident, a *verified claim* for damages in writing. The plaintiff failed to present a verified claim for damages to the school district within ninety days

after the accident, and after making a specific finding to that effect the trial court rendered judgment for the defendant. The judgment was affirmed by this court on appeal and at page 591 of the opinion the following language appears:

"The provisions of this section are mandatory and a person has no right to maintain such an action unless he complies therewith. (*Thompson* v. *County of Los Angeles,* 140 Cal.App. 73 [35 P.2d 185].) . . .

"The failure of plaintiff to present his claim *as required by law* is fatal to his cause of action. (*Bancroft* v. *City of San Diego,* 120 Cal. 432 [52 P. 712].)" (Italics ours.)

The provisions of section 2.801 of the School Code requiring the filing of a verified claim for damages are in every respect the same as those provisions considered by this court in the Myers case, *supra,* and the conclusions of this court, we believe, are controlling in the instant case. Although, as indicated by plaintiff, no claim at all was filed with the school district by the injured minor in the Myers case and it is urged that the question of the necessity of a verified claim was not at issue, the decision reached therein cannot be deemed to have been so limited. The issue therein included a consideration of the provision requiring a *verified* claim to be filed with the school district and that provision was held to be mandatory. As previously stated in this opinion, where the performance of requirements are mandatory, there can be no *substantial* compliance with the statute except in accordance with the particular provisions.

Not unmindful of the declaration contained in paragraph 3 of the School Code, liberality of construction will not justify a disregard of the plain terms of a statute. To conclude that language requiring a verified claim might be so construed as calling for an unverified claim only, would be placing a strained and unwarranted construction thereon, not intended by paragraph 3 of the School Code.

The plaintiff has not, we believe, cited any authority which is in conflict with the conclusions reached in regard to the issue presented on this appeal.

The judgment is affirmed.

Adams, P. J., and Peek, J., concurred.

A petition for a rehearing was denied December 30, 1943, and appellant's petition for a hearing by the Supreme Court was denied January 27, 1944. Carter, J., voted for a hearing.