STATE OF CONNECTICUT *v.* JOHN R. GERICH ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS AND O'SULLIVAN, JS.

Argued April 4—decided May 31, 1950.

*Thomas J. Birmingham,* with whom, on the brief, was *James F. Kennedy,* for the appellants (defendants).

*Donald C. Fisk,* state's attorney, for the appellee (state).

JENNINGS, J. This is an appeal from the denial of a motion for a new trial based on the fact that, after an appeal was taken from the judgment following a finding of guilt in the principal case and before the transcript necessary to perfect the appeal had been furnished, Nita Kellogg, the stenographer who took the testimony, was separated from state service and refused to furnish the transcript. It was also claimed that the stenographic notes were undecipherable. The motion was made under General Statutes, § 8009. This statute is intended to prevent injustice to an appellant who is unable to perfect an appeal prima facie meritorious because of the death or incapacity of the trial judge or stenographer. One of the assignments of error in the principal case was, in effect, that the conviction was unjustified under the evidence. A transcript is necessary to test this claim.

Various more or less technical objections were advanced to defeat the motion. As the proceeding is unusual and the sentences substantial, we shall consider the case along broad lines to ascertain whether any real injustice was done the defendants. See note, 13 A. L. R. 102, 107. The statute provides that if a new trial is sought because of the death or incapacity of the stenographer it must also appear that the stenographer's notes are not decipherable. The dispute centered around the question posed by the latter provision. As the case shaped up, it was obvious that if the notes could be deciphered the defendants could perfect their appeal and would be in the same position as if their appeal had followed the regular course.

In spite of the attack on the finding, the basic facts

on which the motion must be decided were not disputed. The real quarrel was with the conclusions reached by the trial court. It is to be noted that the motion for a new trial was heard by the judge who tried the principal case. He was in an exceptionally advantageous position to pass on the merits of the question at issue. It is apparent from his rulings that he gave the defendants every opportunity to present any claims they might have.

It would serve no useful purpose to review here the history of this litigation. It started with an information for conspiracy to cheat and defraud filed December 6, 1946. Four of the six defendants were convicted on April 22, 1947, after a long trial to the court. Miss Kellogg, official stenographer for Litchfield County, took the testimony as acting stenographer in Tolland County. Her term as official stenographer expired June 30, 1948, and she was not reappointed. She had neglected to furnish the transcript up to that time and then refused to do so. It was thereafter agreed by counsel that Marjorie Smith be given an opportunity to typewrite, from the stenographic notes, about twenty-five pages of the transcript, as a test. Mrs. Smith had done considerable typing of transcript for Miss Kellogg and was well acquainted with Miss Kellogg's style of stenographic notes and various of the signs and symbols she claimed to use. Counsel for the defendants inspected the test run, found it satisfactory and were satisfied with Mrs. Smith's ability properly to transcribe the entire testimony. Thereafter, with the approval of counsel for all parties, Mrs. Smith was employed to and at great expense to the state did typewrite the entire transcript.

The examination of the evidence taken in the trial upon the motion shows the summary of the trial court in its memorandum of decision to be correct. It reads

as follows: "The testimony disclosed that the portion of the transcript of the witness Wright, taken up at the hearing on this motion, was not absolutely accurate. Some of the errors are obvious on their face from the context and apparently occurred in typewriting. Such, for example, as the word 'or' where the context requires 'of.' Others are not obvious on their face. The whole argument of the defendants proceeds upon the theory that if a transcript is not absolutely accurate, at least in any material point, a new trial is required under the statute. If the statute had meant any such thing the word 'undecipherable' would never have been used. Indeed, according to Mr. Whay's[1] testimony, which was credited, no transcript of length is absolutely accurate. Some errors are bound to creep in and some errors crept in here. He considered the transcript substantially correct and about as accurate as ordinarily furnished. The evidence showed not only that the transcript was not 'undecipherable' but that it was substantially correct."

On these facts, the trial court concluded that Miss Kellogg's notes were decipherable in their entirety, that Mrs. Smith's transcript was substantially correct and that none of the convicted defendants were prejudiced by any inaccuracies in the transcript.

The typewritten transcript runs to 2821 pages. A construction of the statute requiring absolute accuracy could only be warranted by an explicit provision to that effect, since it is obvious that such a goal is unattainable in a record of this size. Nothing is said in the statute about accuracy. The phrase reads "if his stenographic notes are not decipherable." The finding supports the conclusion that the notes were decipherable. The further conclusion that the defendants were not

---

[1] Mr. Whay is an official court stenographer of many years' experience.

prejudiced by such minor inaccuracies as existed makes certain that the purpose for which the statute was passed has been accomplished. See *Dudley* v. *Hull,* 105 Conn. 710, 720, 136 A. 575.

The cases particularly relied on by the defendants are not in point. *Gilmore* v. *Red Top Cab Co.,* 171 Wash. 346, 347, 17 P. 2d 886, held simply that a certificate annexed to a statement of facts on appeal that it contained the "matters and proceedings heretofore occurring in said cause" did not comply with a statute which required a certification that such a statement contained "all the material facts." In *Oda* v. *Elk Grove Union Grammar School District,* 61 Cal. App. 2d 551, 143 P. 2d 490, the filing of a claim in strict accordance with the requirement of a statute was held a condition precedent to the maintenance of an action against a school district. The application of *Odom* v. *Langston,* 351 Mo. 609, 173 S. W. 2d 826, is not apparent. The judgment of the court was correct.

There is no error.

In this opinion the other judges concurred.