[Civ. No. 5553. Second Appellate District, Division One.—May 31, 1929.]

F. R. MELLO, Appellant, v. COUNTY OF TULARE, Respondent.

Arthur H. Jackson for Appellant.

. Leroy McCormick, District Attorney, and Leslie A. Cleary, Deputy District Attorney, for Respondent.

CONREY, P. J.—Plaintiff appeals from a judgment entered in favor of defendant, pursuant to an order sustain-

ing demurrer to the second amended complaint without leave to amend.

According to the complaint, one Crieghton was in custody of a constable by reason of his nonpayment of a fine of five hundred dollars which had been imposed upon him with the alternative of imprisonment until the fine be paid. Crieghton, by means of certain misrepresentations concerning his ownership of property, etc., induced the plaintiff to deliver to him a check payable to Crieghton for the sum of five hundred dollars. The stated purpose of Crieghton was to avoid going to jail that night, and he promised that he himself would pay the fine next day. Plaintiff informed Crieghton and the constable that he had not sufficient funds in the bank to pay the check, and instructed them to hold the check until noon of the next day. The constable so informed Kendrick, the justice of the peace, "before noon" of said next day. Nevertheless Crieghton was released from custody on the day when the check was given. The complaint does not state whether or not Crieghton paid his fine or was ever re-arrested. On said next day, which was April 21, 1926, the justice of the peace threatened to arrest the plaintiff for wrongfully drawing his check on the bank, knowing that he had not sufficient funds to meet the same, and under duress of said threat, plaintiff deposited additional funds in the bank, and the amount of the check was paid by the bank to the justice of the peace, who thereafter deposited in the county treasury of Tulare County the money thus obtained by him from the plaintiff.

There was no allegation in the complaint that any demand for repayment to him of said money was ever made by plaintiff, or any claim presented to the board of supervisors of Tulare County.

█ Plaintiff alleged that the check so given by him was to be "as a bond to release said Crieghton." Since it is admitted that the release of the prisoner was so obtained, and no facts are alleged to show that the implied conditions of the bail thus given were ever complied with, as required by law, it is difficult to see how the plaintiff can be held to have had any valid claim upon the money. (Pen. Code, sec. 1302; *Mundell* v. *Wells*, 181 Cal. 398 [7 A. L. R. 383, 184 Pac. 666].)

■ Even if the plaintiff had a valid claim, he has no right to maintain this action without first presenting to the board of supervisors a statement of his claim requesting that the same be allowed and ordered paid. (Pol. Code, sec. 4003, and sec. 4041, subd. 12; *Colusa County* v. *Glenn County,* 117 Cal. 434 [49 Pac. 457].)

The judgment is affirmed.

Houser, J., and York, J., concurred.