[Civ. No. 8448.   Second Appellate District, Division Two.—July 21, 1934.]

ETTA MAUDE THOMPSON, Appellant, v. COUNTY OF LOS ANGELES (a Political Subdivision), Respondent.

George Appell for Appellant.

Everett W. Mattoon, County Counsel, and S. V. O. Prichard, Deputy County Counsel, for Respondent.

SCOTT, J., *pro tem.*—Plaintiff filed her complaint in the superior court on March 2, 1932, claiming damages for personal injuries alleged to have occurred by reason of a defective condition of a portion of highway maintained by defendants. Defendant County of Los Angeles interposed a general demurrer on the ground that plaintiff had not presented a claim to the board of supervisors within ninety days after the accident occurred. The demurrer was sus-

tained without leave to amend, and from judgment for defendants thereupon entered plaintiff appeals.

The accident occurred July 31, 1931, and the only claim plaintiff presented to the board of supervisors was filed with it on December 3, 1931.

The charter of Los Angeles County contains no provision for the filing of claims before suit in a case such as this. Appellant contends, therefore, that she was not required to file a claim with the board of supervisors before bringing suit.

On August 14, 1931, about two weeks after the accident, an amendment to the general laws of this state took effect, being Act 5149, Deering's General Laws of 1931 (Stats. 1931, p. 2475), which provided in effect that such a claim for damages resulting from a dangerous or defective highway shall be presented to the clerk of the board of supervisors within ninety days after the accident occurred. Plaintiff did not file a claim in this case until more than ninety days had elapsed following the effective date of that act, and an even longer time after the happening of the accident. The provisions of the general law control as to matters on which the charter is silent (*Deupree* v. *Payne*, 197 Cal. 529 [241 Pac. 869]; *Cline* v. *Lewis*, 175 Cal. 315 [165 Pac. 915]), and this act must be construed and applied in connection with sections 4075 to 4078, inclusive, of the Political Code, which deal with the subject of claims against a county.

Appellant urges that since the accident occurred July 31, 1931, and the act took effect August 14, 1931, it would result in impairing her right to recover if she were required to file such a claim. She relies on *Crim* v. *San Francisco*, 152 Cal. 279 [92 Pac. 640], in which plaintiffs sued to recover for certain damages which had accrued in part before an amendment to the charter of the city and county of San Francisco went into effect requiring the filing of a claim as a condition precedent to bringing such a suit. The court there said: "It is true that if plaintiff have any claim for damages not barred by the statute of limitations which accrued before the charter went into effect, they could not be deprived of such claim because the charter afterwards provided that a demand must be made within six months of the time of the occurrence of the alleged damages.

*Whether it was not the duty of the appellants to have presented their claims after the charter went into effect need not be considered,* because all of their claims accruing prior to the time when the charter went into effect were barred by the statute of limitations.'' The portion italicized by us makes it clear that the case cited is not authority for the position urged by appellant here. Act 5149, here in question, in its operation did not impair any right of appellant but merely declared the procedure to be followed by her in enforcing that right.

■ ''It is a well settled rule of law that the legislature may change rules of procedure or remedies and that such changes may be made applicable to pending actions, provided, of course, that under the guise of a mere change of procedure or substitution of remedies vested rights are not destroyed or the obligation of contracts impaired.'' (*City of Los Angeles* v. *Oliver,* 102 Cal. App. 299, 315 [283 Pac. Pac. 298].) In *Rhoda* v. *Alameda County,* 134 Cal. App. 726 [26 Pac. (2d) 691, 695], the court quoted from *Terry* v. *Anderson,* 96 U. S. 628 [24 L. Ed. 365], as follows: ''This court has often decided that statutes of limitation affecting existing rights are not unconstitutional if a reasonable time is given for the commencement of an action before the bar takes effect. It is difficult to see why, if the legislature may prescribe a limitation where none existed before, it may not change one which has already been established. The parties to a contract have no more a vested interest in a particular limitation which has been fixed than they have in an unrestricted right to sue. They have no more a vested interest in the time for the commencement of an action than they have in the form of the action to be commenced; and as to the forms of action or modes of remedy, it is well settled that the legislature may change them at its discretion provided adequate means of enforcing the right remain.'' The court then declared that the legislature may change the remedy for the enforcement of an existing right so long as the new remedy is adequate. Plaintiff here, as in that case, was required to file a claim as a condition precedent to instituting an action, and it cannot here be said that her rights have been impaired by action of the legislature nor that such a construction of the statute would

make it retroactive, since its only effect was to prescribe the mode of enforcing the right.

Appellant suggests that Act 5149 is unconstitutional in that it contravenes article IV, section 24, of the Constitution of California, which provides: "Every act shall embrace but one subject, which subject shall be expressed in its title. But if any subject shall be embraced in an act which shall not be expressed in its title such act shall be void only as to so much thereof as shall not be expressed in its title." The title of the act is as follows: "Act 5149. An act relating to the liability in damages of municipalities, counties, cities and counties, and school districts, in the case of injuries to persons or property resulting from the defective or dangerous condition of public streets, highways, bridges, buildings, works or property; prescribing the duties of the officers thereon in such cases, and authorizing such public or *quasi* public corporations to take out and pay for insurance to protect them against such liability." In *Heron* v. *Riley*, 209 Cal. 507, 510 [289 Pac. 160], the court said: "The main object of the provision (art. IV, sec. 24, Const. of Cal.), of course, is to prevent legislators and the public from being entrapped by misleading titles to bills whereby legislation relating to one subject might be obtained under the title of another. . . . In the accomplishment of this object, however, the constitutional provision is not to receive a narrow or technical construction, but is to be construed liberally to uphold proper legislation, all parts of which are reasonably germane. In other words, the provision was not designed as a loophole of escape from, or a means for the destruction of, legitimate legislation. . . . This being so, the authorities are legion to the effect that the title of an act need not embrace an abstract or catalogue of its contents, but need only contain a reasonable intimation of the matters under legislative consideration." Each provision of Act 5149 is logically pertinent to the subject of liability of political bodies for injury from dangerous or defective public property, and that one subject is contained in the title above set forth.

Appellant's contention that the act is procedurally uncertain ignores the obvious necessity of construing and applying that act in connection with existing law as set out in Political Code, sections 4075 to 4078, inclusive. When

this is done, the particular provisions of the act being paramount to the general provisions of the code (Code Civ. Proc., sec. 1859), there is neither uncertainty nor ambiguity.

The provisions of Act 5149 are mandatory and not merely permissive, as urged by appellant. Plaintiff had no right to maintain her action until she had presented her claim to the board of supervisors under the provisions of that act. (*Mello* v. *County of Tulare*, 99 Cal. App. 268 [278 Pac. 465].) The implication in that act that a failure to present a claim is fatal is as plain as would have been an express declaration to that effect. (*Bancroft* v. *City of San Diego*, 120 Cal. 432, 439 [52 Pac. 712].)

The suggestion of appellant that respondent is estopped from invoking the provisions of the act in question is not supported by the record or by any authority cited.

Judgment affirmed.

Craig, Acting P. J., and Desmond, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 13, 1934.