[Civ. No. 1167. Fourth Appellate District.—September 24, 1935.]

E. H. SPENCER, Appellant, v. CITY OF CALIPATRIA (a Municipal Corporation) et al., Respondents.

Harry W. Horton for Appellant.

Harry D. Parker, Raymond G. Stanbury and W. I. Wilson for Respondents.

BARNARD, P. J.—This is an appeal from a judgment entered after a demurrer to an amended complaint was sustained without leave to amend.

The action is one for damages on account of injuries alleged to have been suffered by the appellant on November 1, 1932, through a defective sidewalk within the respondent city. As conceded by the appellant, no verified claim was filed in accordance with the statutes adopted in 1931 (Stats. 1931, pp. 2475 and 2476; Deering's Gen. Laws, Acts 5149 and 5150). The complaint does allege that a written claim was delivered to each of the defendants, to the city clerk and to the board of trustees of said city, ''setting forth the facts concerning said injuries sustained by the plaintiff and how, when and where the same were sustained and the address and claim of the plaintiff and asking that he be compensated for his injuries and setting forth his demand''.

The first question raised is as to whether the provisions of the statutes referred to are mandatory. It has long been held that there must be at least a substantial compliance with statutes of this nature, making certain steps essential before a suit may be filed. (*Bancroft* v. *San Diego*, 120 Cal. 432 [52 Pac. 712]; *Western Salt Co.* v. *City of San Diego*, 181 Cal. 696 [186 Pac. 345]; *Crescent Wharf etc. Co.* v. *Los*

*Angeles,* 207 Cal. 430 [278 Pac. 1028] ; *Uttley* v. *City of Santa Ana,* 136 Cal. App. 23 [28 Pac. (2d) 377].) Not only is the filing of an unverified claim not a substantial compliance with a statute requiring that a verified claim be filed but, in two recent cases, it has been held that the provisions of the two statutes here in question are mandatory and must be complied with in order to lay the foundation for an action. (*Thompson* v. *County of Los Angeles,* 140 Cal. App. 73 [35 Pac. (2d) 185] ; *Myers* v. *Hopland Union Elementary School District of Mendocino County,* 6 Cal. App. (2d) 590 [44 Pac. (2d) 654].) ■ No right to bring such an action exists independent of statutory enactment and, in giving such a right, the legislature may prescribe the procedure and conditions under which it may be exercised. That such a claim must be verified is a reasonable provision which should not be held to be ineffectual and meaningless.

■ The appellant further contends that the respondents were estopped from raising the defense of lack of compliance with these statutes because it was further alleged that the claim, as presented on November 3, 1932, was considered by the defendants and submitted to the insurance carrier for the respondent city, that an offer of compromise was made by this insurance carrier and that the appellant was not notified that the city had rejected the claim and refused to consider the same until January 12, 1933. Not only was the city without power to waive the provisions of these statutes (*Chapman* v. *City of Fullerton,* 90 Cal. App. 463 [265 Pac. 1035]), but at least one of the essential grounds of an estoppel is lacking. After the appellant was notified that the city had rejected the claim and would not consider it further, as alleged in the complaint, nineteen days remained during which the claim could have been presented in the manner required by the statute.

The judgment appealed from is affirmed.

Marks, J., and Jennings, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 21, 1935.