[Civ. No. 5612. Third Appellate District.—October 13, 1936.]

MRS. WILLIE COOPER et al., Appellants, v. THE COUNTY OF BUTTE, Respondent.

44

H. D. Gregory for Appellants.

J. R. King, Jr., Bronson, Bronson & Slaven and John H. Painter for Respondent.

PULLEN, P. J.—On June 29, 1935, plaintiffs filed their original complaint against defendants herein, but by amendment dismissed as against all defendants except the County of Butte, and in a subsequently filed amended complaint and in an amendment thereto alleged certain acts of negligence on the part of the County of Butte in allowing a dangerous condition in a highway to exist, by reason whereof Beatrice Gabriel met her death on December 23, 1934. This amended complaint also set forth that on January 18, 1935, plaintiffs filed a written claim for damages with the Board of Supervisors of the County of Butte, which contained "all details and full consideration of the legality of said claim as provided by Chapter 1167 of the California Statutes for the year 1931". The claim itself was not set forth in the amended complaint.

It was also alleged that the claim was not verified and no affidavit attached thereto because at the time of the filing of said claim and for more than twenty years prior thereto the Board of Supervisors of the County of Butte had, under the authority granted them by the provisions of sections 4075 and 4076 of the Political Code, not required an affidavit to a claim so filed before it. The amended complaint also alleged defendants were estopped to complain of the failure to verify the claim because the Board of Supervisors, having failed to act upon said claim within ninety days, the claim was by law deemed rejected on its merits and not because of any lack of verification, such lack

of verification not having been called to the attention of plaintiffs or counsel.

As a further ground of estoppel it is also alleged that the attorneys for defendants asked for and received an extension of time to plead to plaintiffs' complaint, and thereby "lulled Plaintiffs to sleep until their day of grace had passed". To this amended complaint defendants demurred, which demurrer was sustained, and plaintiffs, refusing to amend within the time allowed by the court, their default was entered, and thereafter a judgment rendered in favor of defendant county, from which judgment plaintiffs prosecute this appeal.

It is the contention of appellants that having complied with the provisions of section 4075 of the Political Code, and the Board of Supervisors of the County of Butte having waived verification of claims under the provisions of section 4076 of the Political Code, the claimants herein were not required to present a verified claim as a basis for their action; but in spite of counsel's able and vigorous presentation we are compelled to hold adversely to his contention.

In 1931 the legislature passed an act known as Act 5149, Deering's General Laws (Stats. 1931, p. 2475), relating specifically to the liability in damages of counties in cases of injuries to persons resulting from the dangerous condition of the highways and requiring the presentation of a verified claim therefor. Sections 4075–4078 of the Political Code do not specifically relate to the filing of claims for damages arising out of personal injuries caused by defective highways, whereas Act 5149 does concern itself particularly with such matters. Therefore, the provisions of Act 5149 being specific and subsequent in enactment to section 4075 et seq. of the Political Code must govern rather than the general statutory requirements contained in the Political Code. This has been expressly held in the case of *Thompson* v. *County of Los Angeles,* 140 Cal. App. 73 [35 Pac. (2d) 185]. There an action was filed against the county for personal injuries alleged to have arisen out of a defective condition of a highway. The plaintiff there failed to file a claim within the time prescribed by Act 5149 and it was contended on appeal by plaintiff that that act was ambiguous and uncertain for the reason that it con-

flicted in certain respects with the sections of the Political Code above mentioned. This contention was overruled by the court, which held that Act 5149 was paramount to the Political Code sections relating to claims, and in support of its opinion cited section 1859 of the Code of Civil Procedure, which provides:

"In the construction of a statute the intention of the legislature, and in the construction of the instrument the intention of the parties, is to be pursued, if possible; and when a general and (a) particular provision are inconsistent, the latter is paramount to the former. So a particular intent will control a general one that is inconsistent with it."

Therefore Act 5149 requiring the filing of a verified claim as a prerequisite to an action against any county for personal injuries arising out of the defective condition of the highway must be observed, and the compliance with the provisions of the Political Code sections only is not sufficient.

Neither can we support appellant in his contention that the county or its officers can waive the provisions of Act 5149 in regard to the verification of claims, nor can a county be estopped from asserting as a defense, a failure of a claimant to verify his claim in accordance with that act.

In *Spencer* v. *City of Calipatria*, 9 Cal. App. (2d) 267 [49 Pac. (2d) 320], *Johnson* v. *City of Glendale*, 12 Cal. App. (2d) 389 [55 Pac. (2d) 580], and *Chapman* v. *City of Fullerton*, 90 Cal. App. 463 [265 Pac. 1035], the contention was made that the municipalities had waived compliance with the act, but were estopped to set up the defense of failure to comply therewith because of actions or representations of officers of said municipalities. These cases hold that such municipalities cannot waive compliance with such statutes and cannot be estopped to set up as a defense a failure to comply therewith. The case of *Spencer* v. *City of Calipatria, supra,* is very similar to the case at bar. In that case the complaint alleged that the plaintiff presented in writing to the defendants a claim setting forth the facts concerning the injuries sustained by plaintiff, which claim was received and accepted by the defendants; that thereafter a compromise offer was made, which claim

was rejected, but at no time was any objection ever made by the defendants or any of them to the claim of plaintiff as to its form, wording, or the fact that the same was not verified or made under oath, and that plaintiffs were led to believe by the defendants that the form and manner of making presentation of such claim was satisfactory. To this complaint the defendant city demurred, which demurrer was sustained without leave to amend. In affirming this ruling the court said:

"The first question raised is as to whether the provisions of the statutes referred to are mandatory. It has long been held that there must be at least a substantial compliance with statutes of this nature, making certain steps essential before a suit may be filed. (*Bancroft* v. *San Diego,* 120 Cal. 432 [52 Pac. 712]; *Western Salt Co.* v. *City of San Diego,* 181 Cal. 696 [186 Pac. 345]; *Crescent Wharf etc. Co.* v. *City of Los Angeles,* 207 Cal. 430 [278 Pac. 1028]; *Uttley* v. *City of Santa Ana,* 136 Cal. App. 23 [28 Pac. (2d) 377].) Not only is the filing of an unverified claim not a substantial compliance with a statute requiring that a verified claim be filed but, in two recent cases, it has been held that the provisions of the two statutes here in question are mandatory and must be complied with in order to lay the foundation for an action. (*Thompson* v. *County of Los Angeles,* 140 Cal. App. 73 [35 Pac. (2d) 185]; *Myers* v. *Hopland Union Elementary School District of Mendocino County,* 6 Cal. App. (2d) 590 [44 Pac. (2d) 654].) No right to bring such an action exists independent of statutory enactment and in giving such a right, the legislature may prescribe the procedure and conditions under which it may be exercised. That such a claim must be verified is a reasonable provision which should not be held to be ineffectual and meaningless."

The holding in this case was approved by the Supreme Court in the case of *Douglass* v. *City of Los Angeles,* 5 Cal. (2d) 123 [53 Pac. (2d) 353], wherein that court said: "The holding therein made is hereby declared to be the law in all cases coming within its purview."

The case of *Johnson* v. *City of Glendale, supra,* is an action for personal injuries alleged to have been caused by a defective condition of a public sidewalk. No claim for damages was presented by plaintiff to defendant within

ninety days as required by Act 5149, but was presented later. A demurrer interposed to this complaint was sustained upon the ground that the presentation of a claim within the prescribed time was a prerequisite to the maintenance of the action. Upon appeal the ruling of the trial court was affirmed. In that case the complaint of plaintiff alleged that certain city officials "informed plaintiff that they would investigate her claim and that they would determine the question of settlement and liability and that they would advise her in regard to said liability and settlement". It was further alleged that plaintiff relied upon these promises and did not employ counsel to file a claim within the time prescribed by law. The court in discussing this allegation said:

"This contention cannot be upheld. It is the generally accepted rule that a municipality and its officers are without power to waive compliance with the law in such matters. (*Chapman* v. *City of Fullerton,* 90 Cal. App. 463 [265 Pac. 1035]; *Spencer* v. *City of Calipatria, supra; Touhey* v. *City of Decatur* (175 Ind. 98 [93 N. E. 540, 32 L. R. A. (N. S.) 350]), *supra; Dechant* v. *City of Hays,* 112 Kan. 729 [212 Pac. 682]; *Berry* v. *City of Helena,* 56 Mont. 122 [182 Pac. 117].) The statute does not authorize a waiver nor does it provide any substitute for a written verified claim. The authorities we have cited quite generally hold that actual knowledge on the part of officers of a municipality of the facts required to be stated in the claim does not dispense with the claim itself."

In the case of *Chapman* v. *City of Fullerton, supra,* an unverified and unitemized claim had been filed with the city. The board of trustees of the city approved the claim and ordered a warrant drawn on the city treasurer in payment thereof. Thereafter a taxpayer brought an action to enjoin the officers of the city from paying the warrant. The trial court enjoined the officers of the city from paying the warrant, and on appeal the court said:

"The ordinance containing the provisions relating to itemization of claims carried the same force and effect as an act of the legislature . . . and consequently the board of trustees was not empowered to suspend its operation or ignore its effect, . . . and the fact that the board may have attempted to act favorably upon the claim in the defective

form presented did not legalize the same, even though the city may have received value from the claimant. . . . True, the allowance of claims should be sustained in certain instances where it is apparent that the claimant has endeavored to itemize the same, and, as appellant contends, under some circumstances the question of the sufficiency of the itemization is one for the board to determine; but here, as will be noted, no attempt whatever was made to itemize the claim, and not being subscribed or sworn to as required by the ordinance, did not constitute even a skeleton claim.''

In the case of *Osburn* v. *Stone,* 170 Cal. 480 [150 Pac. 367], the court held that if officers of a municipal corporation could waive the provisions of such statutes or could be estopped to set up such provisions as a defense, these statutes would become meaningless, and illegal expenditures could be made in any case.

In 18 California Jurisprudence, page 799, it is said:

''Want of power is always a defense to a municipal corporation, and no estoppel, by conduct or by ratification, to raise a defense can be urged against such a corporation. If the rule were otherwise, the corporation, by ratification, could validate an act, void as being *ultra vires,* and no limit could be set to its powers.''

Act 5149, Statutes of 1931, chapter 1167, provides as follows:

''Whenever it is claimed that any person has been injured or any property damaged as a result of the dangerous or defective condition of any public street, highway, building, park, grounds, works or property, a verified claim for damages shall be presented in writing and filed with the clerk or secretary of the legislative body of the municipality, county, city and county, or school district, as the case may be, within ninety days after such accident has occurred. Such claims shall specify the name and address of the claimant, the date and place of the accident and the extent of the injuries or damages received.''

The statute has made the filing of a claim a condition precedent to any cause of action governed by that statute. (*Thompson* v. *County of Los Angeles, supra; Phillips* v. *County of Los Angeles,* 149 Cal. App. 78 [35 Pac. (2d) 187]; *Douglass* v. *City of Los Angeles, supra; Union Bank*

*& Trust Co.* v. *County of Los Angeles,* 2 Cal. App. (2d) 600 [38 Pac. (2d) 442].)

In *Thompson* v. *County of Los Angeles, supra,* the court said:

"The provisions of Act 5149 are mandatory and not merely permissible, as urged by appellant. Plaintiff had no right to maintain her action until she had presented her claim to the board of supervisors under the provision of that act. (*Mello* v. *County of Tulare,* 99 Cal. App. 268 [278 Pac. 465].) The implication in that act that a failure to present a claim is fatal is as plain as would have been an express declaration to that effect"; which holding is reaffirmed in the subsequent cases of *Douglass* v. *City of Los Angeles, supra.*

Appellants have cited the cases of *Nohl* v. *County of Del Norte,* 45 Cal. App. 306 [187 Pac. 761], and *Pedro* v. *County of Humboldt,* 217 Cal. 493 [19 Pac. (2d) 776]. Both of these cases arose under the provisions of section 4075 of the Political Code and do not involve Act 5149, and inasmuch as the latter act superseded the sections of the Political Code in regard to claims for personal injuries arising out of alleged defective streets, these cases cannot be considered as authority on the question here involved.

Appellant has cited a number of decisions from sister states holding that verification may be waived, but the foregoing cases clearly establish the law in California to be that a county cannot waive the provisions of Act 5149 and cannot be estopped by its action to set up the failure to comply with that statute as a defense, and regardless of what attitude may have been taken by other states, and regardless of the feeling of this court as to the equities in the instant case, the legislature has definitely declared that steps must be taken to maintain such an action as is here before us.

The case of *Spencer* v. *City of Calipatria, supra,* is of itself sufficient to justify the holding of this court in the instant case.

Without discussing the several other points urged by appellant, we believe that the trial court was justified in sustaining the demurrer interposed and entering the judgment,

and for the reasons given, the judgment heretofore entered should be affirmed, and it is so ordered.

Thompson, J., and Plummer, J., concurred.