[Civ. No. 7526.   Third Dist.   Oct. 11, 1948.]

JAMES B. BRADSHAW, Appellant, v. GLENN-COLUSA IRRIGATION DISTRICT (a Corporation), Respondent.

Thos. E. Reynolds for Appellant.

Duard F. Geis, Charles H. Frost, Jr., and Wright L. Callender for Respondent.

ADAMS, P. J.—The second amended complaint in this action alleged that plaintiff acquired from one Fredrickson the right to place 50 colonies of bees on Fredrickson's property in the Glenn-Colusa Irrigation District; that the district, in order to supply water for irrigation of the lands therein, owned and operated a ditch in which were located a headgate and dam; that immediately prior to August 14, 1947, such ditch and headgate were so badly and negligently constructed and maintained, and the water therein so negligently and carelessly attended, that the headgate broke and the water of the ditch flowed over the lands of Fredrickson and flooded and killed plaintiff's bees and destroyed the crop of honey therein, to plaintiff's damage in the sum of $764. It was further alleged that on August 30, 1947, plaintiff wrote a letter to the superintendent of the district—which letter

was set forth in the complaint—wherein plaintiff set forth the loss of his bees and itemized his losses. Also set forth was a letter from the district by its secretary, dated December 24, 1947, referring to plaintiff's letter of August 30, stating that same had been presented to the board of directors of the district, and that ''After full investigation by the District the Board have rejected the claim.''

In a second count plaintiff claimed $150 alleged to have been expended by him on three trips to salvage as much of his material as possible; but no verified claim for such amount was filed.

Defendant demurred generally and specially to plaintiff's said complaint, and the demurrer was sustained with leave to amend within 10 days. Plaintiff declined to amend and thereafter judgment was entered for defendant.

On this appeal it is contended by plaintiff that the trial court erred in sustaining defendant's demurrer, while respondent, in reply, points out that plaintiff's complaint was hopelessly defective in that it failed to show compliance with sections 22727 to 22729 of the Water Code. Sections 22727 and 22728 provide that whenever it is claimed that any person or property has been injured or damaged as a result of any dangerous or defective condition of any property under the control of any district or its officers or employees or the negligence of any officer or employee of a district, a verified claim for damages shall be presented in writing and filed with the officers or employees involved and the secretary within 90 days after the accident or injury has occurred; that such claims shall specify the name and address of the claimant, the date and place of the accident or injury, and the nature and extent of the injury or damage; and section 22729 reads: ''Compliance with Sections 22727 and 22728 is a condition precedent to the filing or maintaining of any action for the injury or damages.''

It is apparent from plaintiff's complaint that his so-called claim, to wit, the letter which he wrote to the superintendent of the district, was not verified, nor is it contended that any verified claim was filed by him; but he argues that he made ''substantial compliance with the Water Code sections aforesaid.''

In *Powers Farms* v. *Consolidated Irr. Dist.*, 19 Cal.2d 123, 130-131 [119 P.2d 717], the court held that an irrigation district is not estopped to invoke the requirement for the filing of a verified claim, as required by the Irrigation District

Liability Law by reason of the fact that it had timely notice of the danger to property derived from written and oral communications concerning the damage; that the courts may allow no exceptions to the plain provisions of a claim statute under the guise of interpretation or construction; and that the requirement of the Irrigation District Liability Law for the filing of a verified claim may not be waived; that compliance with the statute in this respect is mandatory. A long line of authorities to the same effect is therein cited. Also see *Davis* v. *East Contra Costa Irr. Dist.*, 19 Cal.2d 140, 142 [119 P.2d 727]; *Hall* v. *City of Los Angeles*, 19 Cal.2d 198, 202 [120 P.2d 13]; *Ghiozzi* v. *City of South San Francisco*, 72 Cal.App.2d 472 [164 P.2d 902]; *Kline* v. *San Francisco Unified School Dist.*, 40 Cal.App.2d 174, 177-178 [104 P.2d 661, 105 P.2d 362].

Appellant cites certain cases such as *Uttley* v. *City of Santa Ana*, 136 Cal.App. 23 [28 P.2d 377], approved in *Sandstoe* v. *Atchison, T. & S. F. Ry. Co.*, 28 Cal.App.2d 215, 223 [82 P.2d 216], in support of his contention that he complied substantially with the provisions of the applicable statutes. But in none of the cases which he cites was the failure to verify the claim involved. And in *Spencer* v. *City of Calipatria*, 9 Cal.App.2d 267, 269 [49 P.2d 320], decided by the same court that decided the Uttley case, it was held that the filing of an unverified claim is not a substantial compliance with a statute requiring that a verified claim be filed, and that compliance with such a provision is mandatory and must be complied with in order to lay the foundation for an action.

The judgment is affirmed.

Peek, J., and Thompson, J., concurred.