[Civ. No. 21425.   Second Dist., Div. Two.   Mar. 14, 1956.]

MARJORIE DUNCAN BAKER, Appellant, v. HARRY COHEN et al., Defendants; CITY OF BEVERLY HILLS, Respondent.

William Dellamore and E. W. Miller for Appellant.

Mount, Pendleton & Gillaspy for Respondent.

ASHBURN, J.—Plaintiff appeals from a judgment in favor of defendant city of Beverly Hills, entered after sustaining of general demurrer to her amended complaint without leave to amend.   The action was brought to recover damages for personal injuries alleged to have been caused by a defective and dangerous condition in a public street (Gov. Code,

§§ 53050-53053. The sections relating to notice of claim are set forth in the margin[1]).

The complaint alleged that within 90 days after the accident plaintiff filed with the city clerk "a written claim for damages"; also that "a copy of said written claim" was filed with the city attorney within said period. ▇▇▇ It is not alleged that the claim was verified. The accident was on October 13, 1953, and the filing with both city officials was on January 5, 1954, within the 90-day period. The only response of any kind that plaintiff ever received from the city or its officials was a letter from the city attorney, reading as follows: "A copy of your letter of January 4th, addressed to the City Clerk of the City of Beverly Hills regarding a fall which you had at 1000 North Crescent Drive, Beverly Hills, has been forwarded to the Foreman's Fund Indemnity Insurance Company of Los Angeles." The complaint further avers that "plaintiff at all times before the filing of this action relied upon said acts and representations of said City as an acknowledgment of said claim and its sufficiency as a claim, in proper and legal form, against said City, for its action thereon." Counsel for both sides concede that the claim bore no verification of any sort and argue the appeal upon that assumption. Appellant's reply brief says: "The sole questions as to the claim is the question of whether or not under all the circumstances as set forth in the amended complaint there was a substantial compliance with the statute; and are the facts pleaded in the complaint sufficient to establish a *prima facie* case of estoppel of the defendant to plead noncompliance with the statute."

"Compliance with the claims provisions of sections 53050 et seq. is the *sine qua non* to the maintenance of an action against a county for losses resulting by reason of dangerous or defective condition of public property." (*Albaeck* v. *County of Santa Barbara,* 123 Cal.App.2d 336, 340 [266 P.2d 844].) ▇▇▇ Though the original requirement of strict compliance with the statute has given way to a rule requiring only substantial compliance (*Peters* v. *City & County of San*

[1] § 53052. "When it is claimed that a person has been injured or property damaged as a result of the dangerous or defective condition of public property, a verified written claim for damages shall be filed with the clerk or secretary of the legislative body of the local agency within ninety days after the accident occurred."

§ 53053. "The claim shall specify the name and address of the claimant, the date and place of the accident, and the extent of the injuries or damages received."

*Francisco,* 41 Cal.2d 419, 426 [260 P.2d 55]; *Cruise* v. *City & County of San Francisco,* 101 Cal.App.2d 558, 563 [225 P.2d 988]), it has been held repeatedly that the filing of an unverified claim is not a substantial compliance and hence cannot form the basis for an action against a municipality under the Public Liability Act. (*Spencer* v. *City of Calipatria,* 9 Cal. App.2d 267, 269 [49 P.2d 320]; *Douglass* v. *City of Los Angeles,* 5 Cal.2d 123, 128-129 [53 P.2d 353]; *Hall* v. *City of Los Angeles,* 19 Cal.2d 198, 203 [120 P.2d 13]; *Powers Farms* v. *Consolidated Irr. Dist.,* 19 Cal.2d 123, 130 [119 P.2d 717]; *Redlands etc. Sch. Dist.* v. *Superior Court,* 20 Cal.2d 348, 358 [125 P.2d 490]; *Kline* v. *San Francisco Unified Sch. Dist.,* 40 Cal.App.2d 174, 177 [104 P.2d 661, 105 P.2d 362]; *Oda* v. *Elk Grove etc. Sch. Dist.,* 61 Cal.App.2d 551, 554-556 [143 P.2d 490]; *Bradshaw* v. *Glenn-Colusa Irr. Dist.,* 87 Cal. App.2d 882, 883-884 [198 P.2d 106]; *White-Satra* v. *City of Los Angeles,* 14 Cal.App.2d 688, 690 [58 P.2d 933]; *Cooper* v. *County of Butte,* 17 Cal.App.2d 43, 47 [61 P.2d 516].)

In *Spencer* v. *City of Calipatria, supra,* it is said at page 269: "Not only is the filing of an unverified claim not a substantial compliance with a statute requiring that a verified claim be filed but, in two recent cases, it has been held that the provisions of the two statutes here in question are mandatory and must be complied with in order to lay the foundation for an action. [Citing cases.] No right to bring such an action exists independent of statutory enactment and, in giving such a right, the legislature may prescribe the procedure and conditions under which it may be exercised. That such a claim must be verified is a reasonable provision which should not be held to be ineffectual and meaningless." A discussion of this case in *Douglass* v. *City of Los Angeles, supra,* ends with this statement, at page 129: "The holding therein made is hereby declared to be the law in all cases coming within its purview." *Hall* v. *City of Los Angeles, supra,* says at page 203: "The holding of the Spencer case was expressly approved by the Supreme Court in *Douglass* v. *City of Los Angeles,* 5 Cal.2d 123 [53 P.2d 353], and was declared to be the law in all cases coming within its purview."

No case is cited and none has been found which departs from the rule of the Spencer decision. Cases such as *Peters* v. *City & County of San Francisco, supra,* 41 Cal.2d 419, and *Germ* v. *City & County of San Francisco,* 99 Cal.App.2d 404, 413 [222 P.2d 122], are not in point for they involve the form of the verification, holding that failure of the affiant to appear before

the notary does not vitiate the verification because it, when thus executed, "was sufficient to support a perjury charge were any false matters stated therein." (P. 414.) Substantially the same language is used in Peters, *supra*, at page 426. In *Osborn* v. *City of Whittier*, 103 Cal.App.2d 609, 619 [230 P.2d 132], it is said: "The term 'verified,' as applied to claims against municipalities, has a settled meaning, and refers to an affidavit attached to the claim, as to the truth of the matters therein set forth. [Citing cases.] The chief test of the sufficiency of an affidavit is whether it is so clear and certain that an indictment for perjury may be sustained on it if false. [Citing cases.]" There is no problem of sufficiency of a verification presented at bar, because there is no verification at all, and "[s]ubstantial compliance cannot be predicated upon no compliance." (*Hall* v. *City of Los Angeles, supra,* 19 Cal.2d 198, 202.)

Appellant's claim of estoppel depends upon the letter from the city attorney to plaintiff and the silence of other officials following the filing of the unverified claim. Certainly, silence alone can afford no basis for such a finding. The city attorney's letter gave plaintiff no assurances of any kind, offered no compromise, suggested no course of action for plaintiff to take. In fact, it did not expressly recognize plaintiff's letter as a claim; it uses these expressions: "A copy of your letter of January 4th," "regarding a fall which you had,"—not regarding "a claim which you have." Finally, it says that a copy of the letter "has been forwarded to the Foreman's Fund Indemnity Insurance Company of Los Angeles." This carries an implication of existing insurance protecting the city against such liability as that claimed by plaintiff (Gov. Code, § 53056), but it cannot be said that the reference to the insurance company would convey to the mind of layman or lawyer any promise or prediction of payment, compromise, or altruistic consideration. Casualty insurance companies are in business for profit and their handling of such matters, as is well known, must be conducted upon a strictly business basis.

Factually, the cases of *Farrell* v. *County of Placer*, 23 Cal.2d 624, 628-630 [145 P.2d 570, 153 A.L.R. 323]; *Cruise* v. *City & County of San Francisco, supra,* 101 Cal.App.2d 558, 562, 565; *Lorenson* v. *City of Los Angeles*, 41 Cal.2d 334, 340 [260 P.2d 49]; and *Mendibles* v. *City of San Diego*, 100 Cal.App.2d 502, 506 [224 P.2d 42], are clearly distinguishable

from the situation at bar. It is governed, rather, by *Slavin* v. *City of Glendale*, 97 Cal.App.2d 407, 409 [217 P.2d 984], and *Klimper* v. *City of Glendale*, 99 Cal.App.2d 446, 451, 452 [222 P.2d 49]. In the last cited case, which turned upon the sufficiency of the complaint, it was alleged that plaintiff had contacted the mayor, chief of police, city manager and a member of the city council, advising them that she intended to file a claim and later to file a suit against the city and those officers; that they were fully advised of her grievance against the city; that she requested of the mayor, chief of police and the member of the city council, information as to what procedure she should take, and that said officials advised that her claim could be adjusted and settled, and advised her to wait to see what developed; that they did not advise her to file a written verified claim but assured her that her grievance against the city and its officials would be properly taken care of; that she believed and relied upon said representations and assurances and therefore failed to file a written verified claim within the 90-day period, which she would have done had she not received the advice aforesaid. (P. 450.) Concerning the plea of estoppel, Mr. Justice Parker Wood, speaking for the court, said at page 452: "Appellant contends further that she alleged sufficient facts to show that respondents city of Glendale and officers were estopped to rely upon the provisions of the charter and the ordinance with reference to presenting a claim. Appellant cites certain cases in which the doctrine of estoppel was applied. It is to be noted that in each of those cases a claim had been filed but it was not filed within the time provided by law for filing such claim. In the present case no claim has been filed. Sufficient facts were not alleged to excuse appellant's failure to file a claim." Hearing in Supreme Court was denied. We see nothing to justify plaintiff's averment in this case that "at all times before the filing of this action [she] relied upon said acts and representations of said City as an acknowledgment of said claim and its sufficiency as a claim, in proper and legal form, against said City, for its action thereon."

No complaint is made by appellant of the refusal of leave to amend, nor is there any suggestion in the record that appellant desires or could make a helpful amendment. Indeed, the reply brief concludes with a paragraph containing this: "[A]nd that Plaintiff is entitled to a reversal of that judgment, permitting the appellant to go to trial on the amended complaint as filed, and submit the issue of the substantial

compliance of the statute under the most recent authorities cited in the opening brief, and the facts on which the Court may determine at the trial the merits of the estoppel of defendant as set forth in the amended complaint.''

Judgment affirmed.

Moore, P. J., and Fox, J., concurred.