[Civ. No. 5984.   Fourth Dist.   Apr. 15, 1959.]

ANN HOFFMAN et al., Appellants, v. CITY OF PALM SPRINGS, Respondent.

Isador I. Smuckler for Appellants.

Thompson & Colegate and Robert D. Allen for Respondent.

MUSSELL, J.—This is an action for damages for personal injuries alleged to have been suffered by appellant Ann Hoffman when she stepped into an unlighted and unguarded excavation constructed and maintained by respondent city of Palm Springs upon a public sidewalk in said city. In the second amended complaint appellants alleged that on December 12, 1957, they caused to be served upon and filed with defendants and each of them, in writing, a verified claim sworn to by said plaintiffs before their attorney of record as a notary public, setting forth the claims for damages sued upon. A copy of the said claim was attached to the complaint, marked exhibit "A," and incorporated therein by reference. The claim is as follows:

"Isador I. Smuckler
Attorney at Law
3450 Wilshire Boulevard
Los Angeles 5
DUnkirk 5-1381

"December 11, 1957

"City Clerk
City of Palm Springs
Palm Springs, California

"Re: Mr. and Mrs. Henry Hoffman vs.
City of Palm Springs

"Gentlemen:

"The following is being sent to you as a claim against the City for personal injuries and property damage sustained by Mrs. Ann Hoffman and her husband Mr. Henry Hoffman.

"On Saturday, November 30, 1957, at approximately 8:00 P.M., the claimants parked their car near the entrance to the Dunes restaurant, 240 North Palm Canyon Drive in Palm Springs, California for the purpose of entering the restaurant. On the sidewalk portion of the Boulevard your city maintains a tree, and at the time of this incident the tree basin was excavated to a depth of approximately 10 or 11 inches below the sidewalk level. The lighting at this particular spot is very poor and was not at the time sufficient to reveal the excavation in the tree basin.

"While Mrs. Hoffman was in the act of returning to her car, not knowing of the essence of the dangerous condition of the tree basin, she stepped into it, which in turn caused her to fall, as a result of which she sustained personal injuries to her foot, ankle, leg, hip and back. The total extent of the injury is not now known to the claimants. In addition, damage was caused to her clothing and fur coat.

"Claim is herewith made for damages for personal injuries and property damages sustained in connection with the above.

"/s/    Henry Hoffman
        HENRY HOFFMAN
"/s/    Ann Hoffman
        ANN HOFFMAN

"Subscribed and sworn to before
me this 11 day of December, 1957.
/s/    Isador I. Smuckler
Notary Public in and for said
County and State."

A motion for judgment on the pleadings was filed by the defendant city, contending that exhibit "A" was not a verified claim as required by section 53052 of the Government Code. On July 30, 1958, following a hearing thereon, the trial court granted the said motion and judgment on the pleadings as against plaintiffs was entered.

Respondent city concedes that the claim filed is sufficient to comply with the requirements of section 53053 of the Government Code as to the name and address of the claimant, the time and place of the accident and extent of the injuries or damages received but contends that the claim upon its face is not a verified claim. The appellants contend that the claim filed is a substantial compliance with section 53052 of the Government Code and that the city is estopped to set up strict compliance with the statute since it declined to investigate the accident or claim.

Government Code, section 53052, provides as follows: "When it is claimed that a person has been injured or property damaged as a result of the dangerous or defective condition of public property, a verified written claim for damages shall be filed with the clerk or secretary of the legislative body of the local agency within ninety days after the accident occurred."

In *Osborn* v. *City of Whittier*, 103 Cal.App.2d 609, 619 [230 P.2d 132] (hearing denied by the Supreme Court), the court, in considering the question of the sufficiency of the verification of a claim against the city of Whittier, said:

"The statute involved here provides merely that the claim be verified. (Stats. 1931, ch. 1167, § 1, p. 2475.) No particular form of verification is prescribed. (*Cf.* Pol. Code, § 4076, where a prescribed form of verification is provided for claims filed against a county.)

A verification is an affidavit of the truth of the matters stated. (Code Civ. Proc., §§ 446, 2009; Pol. Code, § 4076; *McCaffey C. Co.* v. *Bank of America*, 109 Cal.App. 415, 420 [294 P. 45]; *Pasqualetti* v. *Hilson*, 43 Cal.App. 718, 720 [185 P. 693].) Its object is to insure good faith in the averments or statements of a party. (*Patterson* v. *Ely*, 19 Cal. 28, 39; *Bittleston Law etc. Agency* v. *Howard*, 172 Cal. 357, 360 [156 P. 515].) The term 'verified,' as applied to claims against municipalities, has a settled meaning, and refers to an affidavit attached to the claim, as to the truth of the matters therein set forth. (*Patterson* v. *City of Brooklyn*, 6 App.Div. 127 [40 N.Y.S. 581, 582, 74 N.Y.St.Rep. 1009]; *Bristol* v.

*Buck,* 201 App.Div. 100 [194 N.Y.S. 53, 55].)  ▮ The chief test of the sufficiency of an affidavit is whether it is so clear and certain that an indictment for perjury may be sustained on it if false. (*Davis-Heller-Pearce Co.* v. *Ramont,* 66 Cal. App. 778, 781 [226 P. 972]; *Gee Chong Pong* v. *Harris,* 38 Cal.App. 214, 217 [175 P. 806]); *Kelley* v. *City of Flint,* 251 Mich. 691 [232 N.W. 407, 408].)''

▮ In *Baker* v. *Cohen,* 139 Cal.App.2d 842, 843-844 [294 P.2d 518], the court said: ''Though the original requirement of strict compliance with the statute has given way to a rule requiring only substantial compliance (*Peters* v. *City & County of San Francisco,* 41 Cal.2d 419, 426 [260 P.2d 55]; *Cruise* v. *City & County of San Francisco,* 101 Cal.App.2d 558, 563 [225 P.2d 988]), it has been held repeatedly that the filing of an unverified claim is not a substantial compliance and hence cannot form the basis for an action against a municipality under the Public Liability Act. (Citations.)''

▮ In *Whitson* v. *LaPay,* 153 Cal.App.2d 584, 590 [315 P.2d 45], it is held that ''The filing of an unverified claim is not a substantial compliance with a statute or ordinance requiring the filing of a verified claim (*Spencer* v. *City of Calipatria,* 9 Cal.App.2d 267, 269 [49 P.2d 320]; *Cooper* v. *County of Butte,* 17 Cal.App.2d 43, 47 [61 P.2d 516]) and the doctrine of substantial compliance is not applicable to a claim which fails to state the claimant's address where the statute or ordinance so requires. (*Eppstein* v. *City of Berkeley,* 52 Cal.App. 2d 395, 397 [126 P.2d 365].)''

▮ In *Parodi* v. *City & County of San Francisco,* 160 Cal.App.2d 577, 580 [325 P.2d 224], it is said: ''The California cases considering claim statutes have held that substantial compliance with the statute only is required and have set forth what is necessary to constitute substantial compliance. Thus *Silva* v. *County of Fresno* (1944), 63 Cal.App.2d 253, 257-258 [146 P.2d 520], states: '. . . the plain purpose of the statute is to guard the county against imposition by requiring notice of the circumstances of an injury upon which a claim for damages is made so that its authorities may be in a position to investigate the facts as to the time and place and to make proper investigation of the condition of the premises and decide whether the case is one for settlement or litigation. When a notice contains the information necessary for that purpose it is substantial compliance with the statute, but when it falls short of that test it is insufficient.'

650

■ "As to what is substantial compliance *Perry* v. *City of San Diego* (1947), 80 Cal.App.2d 166, 169 [181 P.2d 98], says: '. . . it seems clear that the California courts have taken a reasonably liberal view of the claim statutes and that where a reasonable attempt is made to comply with the law in good faith and no intent to mislead or conceal appears the claim will be upheld in the absence of anything indicating that the municipality has been mislead (sic), if the claim substantially conforms to the requirements of the statute.' "

■ In the instant case there is no affidavit attached to the claim as to the truth of the matters therein set forth and it does not appear that an indictment for perjury could be sustained on it if false.

In 1 American Jurisprudence, section 18, page 945, it is said that the jurat is simply a certificate evidencing the fact that the affidavit was properly made before a duly authorized officer. And in Words and Phrases, permanent edition, volume 2A, page 332, it is said that "A jurat is that part of an affidavit where the officer certifies that it was sworn to before him. It is not the affidavit. *Theobald* v. *Chicago M. & St. P. Ry. Co.*, 75 Ill.App. 208, 213." In 2 Corpus Juris Secundum, page 961, the statement is made that "A jurat alone, unaccompanied with a statement of facts, sworn to by affiant cannot be considered as an affidavit.—*Theobald* v. *Chicago, etc. R. Co.*, 75 Ill.App. 208.—*McGuire* v. *Iowa County*, 111 N.W. 34, 133 Iowa 636." Since the jurat here involved does not contain a statement that the matters stated in the claim are true and it is not made a part of an affidavit, it follows that it is not sufficient to meet the requirements of Government Code, section 53052.

■ The argument of appellants that the city is estopped to set up strict compliance with said section 53052 because it declined to investigate the accident or claim is without merit. In *Baker* v. *Cohen, supra,* 139 Cal.App.2d 842, 845, the court said:

"Appellant's claim of estoppel depends upon the letter from the city attorney to plaintiff and the silence of other officials following the filing of the unverified claim. Certainly, silence alone can afford no basis for such a finding. The city attorney's letter gave plaintiff no assurances of any kind, offered no compromise, suggested no course of action for plaintiff to take."

■ Appellants contend that the amended and supplemental claim filed by them relates back to the date of the filing

of the original claim. This contention is likewise without merit. In *Steed* v. *City of Long Beach*, 153 Cal.App.2d 488, 491-492 [315 P.2d 101], it was held that a supplemental claim filed after the 90-day statutory period had expired could not relate back to the date of the filing of the original claim so as to be considered a part thereof.

Judgment affirmed.

Griffin, P. J., and Shepard, J., concurred.