[L.A. No. 29924. In Bank. Dec. 21, 1971.]

ANNE FREDRICHSEN, Plaintiff and Appellant, v.
CITY OF LAKEWOOD, Defendant and Respondent.

**COUNSEL**

Milton B. Miller for Plaintiff and Appellant.

Clausen, Gilliland & Fernandes, Victor M. Cox and Edward G. Koelsche for Defendant and Respondent.

**OPINION**

**PETERS, J.**—This is an appeal by plaintiff, Anne Fredrichsen, from a judgment in favor of the City of Lakewood, after the city's demurrer to the first amended complaint was sustained without leave to amend on grounds that she had not alleged compliance with the claim requirements of section 900 et seq. of the Government Code. We have concluded that the facts alleged in the first amended complaint, if true, would estop the city from asserting the claim statute as a defense.

The allegations of the first amended complaint may be summarized as follows: On May 10, 1969, plaintiff fell while walking on a defectively maintained sidewalk in the City of Lakewood, California, and suffered personal injuries. Prior to May 15, 1969, plaintiff telephoned the city and requested that it supply her with the necessary claim form so that she could properly assert her claim for damages against it. The city never sent plaintiff a claim form, but instead sent her a copy of a May 15, 1969, letter, directed to Purex Corporation, Ltd., signed by the city clerk, which stated that the city had been informed by its public works director that the responsibility for maintenance of the defective sidewalk rested with

the Lakewood Center Corporation.[1] Relying on this representation, plaintiff did not pursue her claim against the city but instead immediately began negotiations with Purex Corporation.[2]

On April 15, 1970, plaintiff's claim was denied by Purex Corporation, and on April 22, 1970, she retained the services of her present attorney to pursue her cause of action. Again in reliance on the May 15, 1969, letter, a lawsuit was filed against Purex Corporation, Ltd., and Lakewood Center Corporation. Thereafter, on May 21, 1970, plaintiff's attorney while soliciting information from the public works department was informed that the defective sidewalk was in fact maintained by the city. Immediately after this discovery, the complaint was amended to include the City of Lakewood as a defendant.

Section 911.2 of the Government Code provides that a claim relating to a cause of action for personal injuries against a city must be presented to the clerk, secretary or auditor no later than the 100th day after the accrual of the cause of action.[3] It is not disputed that in the instant case no such claim was made.

---

[1]The following is the content of this letter:
"May 15, 1969
Mr. Gedney T. Fenton
Vice President
Purex Corporation, Ltd.
5101 Clark Avenue
Lakewood, California 90712
SUBJECT: ALLEGED INJURY: Mrs. Fredrichsen
We have checked with our Public Works Director, Mr. Donald R. Singer with respect to sidewalk maintenance, and we are informed that responsibility for maintenance of the sidewalks around the perimeter of Lakewood Center, including the sidewalk in front of the Purex Headquarters Building at 5101 Clark Avenue, rests with the Lakewood Center Corporation. Their local office is at 5201 Faculty Avenue, Lakewood, California 90712.
Jo Bennitt
City Clerk"

[2]Negotiations were pursued with Purex Corporation, Ltd., because as sublessee of the premises it was contractually bound to indemnify Lakewood Center Corporation for any loss from accidents on the premises and public walkways. Purex Corporation, Ltd. is not a party to this appeal.

[3]Sections 911.4-911.8 of the Government Code allow claimants who have not filed within the 100-day period, but are within one year of the accrual date of the cause of action, to apply to the board for leave to present their claim. Section 911.6 directs that such leave is to be given if the failure to file was due to mistake, excusable neglect, or the claimant was a minor, physically or mentally incapacitated, or dead. This section excuses noncompliance when the injured party through some fault of his own has failed to comply with section 911.2, but does not preclude reliance on the doctrine of estoppel where the governmental agency's conduct furnishes the basis for relief.

■    It is settled that the failure to file the required claim, in the proper circumstances, may be excused and the governmental agency estopped from urging strict compliance with the statutory provisions. In *Farrell* v. *County of Placer,* 23 Cal.2d 624, 630-631 [145 P.2d 570, 153 A.L.R. 323], this court reversed a prior line of cases which had held that regardless of the governmental agency's actions, compliance with the appropriate claim statute was mandatory to a claimant's cause of action. Basing its decision on prior cases which had allowed claimants to estop governmental agencies from asserting the statute of limitations, the court reasoned that, since the time element with respect to the filing of the claim form is essentially procedural in nature and analogous to a statute of limitations, a claimant's failure to comply could, in the proper circumstances, be excused by estoppel.

The rule of the *Farrell* case has been subsequently applied to allow estoppel in factual situations where claimants have been misled by governmental agents with respect to the procedural and time requirements of the claim statute (*Cruise* v. *City & County of San Francisco,* 101 Cal.App.2d 558, 564 [225 P.2d 988]; *Mendibles* v. *City of San Diego,* 100 Cal.App.2d 502, 503 [224 P.2d 42]) as well as where claimants have been misled with respect to the advisability of retaining counsel (*Rand* v. *Andreatta,* 60 Cal.2d 846, 850 [36 Cal.Rptr. 846, 389 P.2d 382]).

The city argues that this line of cases can be distinguished in that they all involved representations by claims agents and not by mere clerks. However, in the instant case, plaintiff's reliance on the advice of the proper ministerial agent was even more justified than claimant's reliance in the prior cases on the advice of claims agents who, as negotiators for the city, were known to be acting in an adverse capacity. Since it is in the city's interest to have claims filed in order that it can evaluate their merit, and the city does not have any legitimate interest in discouraging the filing of the claim form, plaintiff was justified in relying on the city clerk's implicit procedural direction to file her claim with someone else.

In *Driscoll* v. *City of Los Angeles,* 67 Cal.2d 297 [61 Cal.Rptr. 661, 431 P.2d 245], this court established the relevant factors to be considered when estoppel is asserted against a public agency. Although *Driscoll* involved estoppel to assert the statute of limitations, the criteria to justify estoppel established in *Driscoll* apply equally to situations involving statutes of limitations and to situations involving claim statutes.    ■    As pointed out in *Farrell* v. *County of Placer, supra,* 23 Cal.2d at page 630, the policy considerations with respect to estoppel to assert the statute of limitations are the same as those relating to estoppel to assert the claim statute.

*Driscoll* held that whether an agency, which had been put on notice of a pending claim, should be estopped because of advice given to the claimant "concerning *his substantive rights* against the agency, depends upon whether the public agency acted in an unconscionable manner or otherwise set out to, or did take unfair advantage of plaintiff." (*Driscoll* v. *City of Los Angeles, supra,* 67 Cal.2d at p. 306.) (Italics added.) Whether the agency acted in an unconscionable manner depends on an examination of the totality of the circumstances.

Among the factors which we indicated in *Driscoll* should be considered in determining whether or not the government's action was sufficiently culpable to warrant estoppel are whether or not the inaccurate advice or information is negligently ascertained, whether or to what extent the agency is certain of the information it dispenses, whether the agency purports to advise and direct or merely to inform and respond to inquiries, whether the agency acts in bad faith, whether the claimant is one who purports to have no knowledge or training which would aid him in determining his rights and the public agency purports to be informed and knowledgeable, whether the right of which claimant is being deprived is significant, and whether a confidential relationship exists between the claimant and the public entity.

In the instant case, it appears that the inaccurate information as to who bore responsibility for the sidewalk maintenance was negligently ascertained in that there is no indication that the question involved any difficult factual or legal considerations to which to attribute the error. Information as to who bore responsibility for the sidewalk maintenance was uniquely and readily available to the city through its public works department. The May 15, 1969, letter establishes the fact that the city claims to have ascertained such information. The information is of such a nature that it is extremely doubtful that it could be inaccurately obtained absent negligence.[4]

Although plaintiff by her request for a claim form merely solicited information, the city, by its failure to furnish the form and its implicit advice as to the proper alternative defendant, purported to give plaintiff procedural directions and substantive advice. The fact that the May 15,

---

[4]Although not appearing in the complaint, plaintiff asserts that the public works director, Mr. Singer, subsequently denied giving such information to the city clerk. At oral argument, plaintiff's attorney admitted that this is a disputed fact and that there is a deposition not before the court in which Mr. Singer states that he remembers someone "sticking their head in the door" to inquire and his giving a hasty response which must have been misunderstood. Even an acceptance of the theory most favorable to the city, however, demonstrates the city's negligence in ascertaining the information.

1969, letter purports to rely on the advice of the city official who would be the most knowledgeable on the matter indicates the city's intent that plaintiff rely on this information.

As to the question of responsibility for maintenance of the sidewalk, it is apparent that there was no reason to believe that plaintiff would have any knowledge in this regard, and it is obvious that not only should the city have known the facts, especially its public works department, but that in the May 15, 1969, letter it held itself out as having such special knowledge. The city's advice to plaintiff's request for information as to the proper claim procedure served to frustrate her attempt to file her claim and save her remedy. The right to sue on a legitimate cause of action is a fundamental right which the city should not be allowed to frustrate.

The city emphasized that no confidential relationship existed and claims *Driscoll* is inapplicable for this reason. *Driscoll* enumerates factors, of which confidential relationship is just one, which should be considered in determining whether or not the government's action is unconscionable, and thus subject to a plea of estoppel. However, *Driscoll* does not limit the applicability of the estoppel doctrine to situations where all the enumerated factors are present. ■ Estoppel is available in all circumstances where, as in the instant case, the complaint alleges facts which, if true, would establish that the government had acted in an unconscionable manner.

As pointed out by the city, there is language in *Baker* v. *Cohen,* 139 Cal.App.2d 842, 845 [294 P.2d 518], limiting the applicability of estoppel in claim situations to instances where the claimant has been given a promise or assurance of some kind, has been offered a compromise or settlement, or has been given erroneous advice as to the procedure which should be followed. The estoppel doctrine should not be limited to such situations but should extend to any cases where the considerations discussed in *Driscoll* would warrant a finding of unconscionable action. *Baker* is disapproved insofar as it is contrary to the views expressed herein.[5]

■ It has been repeatedly stated by the courts that "[t]he principal purpose of the requirement that claims be filed is to provide the city with full information concerning rights asserted against it, so that it may settle

---

[5]The authority of *Baker* has already been weakened in that it was based in part on the erroneous holdings of *Klimper* v. *City of Glendale,* 99 Cal.App.2d 446, 451 [222 P.2d 49], and *Slavin* v. *City of Glendale,* 97 Cal.App.2d 407, 409 [217 P.2d 984], that estoppel only applied to situations involving the late and defective filing of a claim and not to situations where there was no filing. On the grounds of this erroneous holding *Klimper* and *Slavin* were disapproved by this court in *Rand* v. *Andreatta, supra,* 60 Cal.2d at page 850.

those of merit without litigation." (*National Soda Prod. Co. v. City of L.A.,* 23 Cal.2d 193, 203 [143 P.2d 12]; *Cruise* v. *City & County of San Francisco, supra,* 101 Cal.App.2d at p. 563; see also, *Holm* v. *City of San Diego,* 35 Cal.2d 399, 400 [217 P.2d 972]; *Knight* v. *City of Los Angeles,* 26 Cal.2d 764, 767 [160 P.2d 779]; *Farrell* v. *County of Placer, supra,* 23 Cal.2d at p. 630.) In the instant case, plaintiff immediately inquired as to the proper procedure and form for filing her claim, which indicates her willingness to supply whatever information was necessary for the proper settlement of her claim. ■ She was deterred from supplying the necessary information by the city's action. The city cannot frustrate plaintiff's attempt to comply with a statute enacted for its benefit and then assert noncompliance as a defense.

The judgment is reversed and the cause remanded to the trial court with directions to overrule the general demurrer, and to rule on the city's special demurrers to the first amended complaint.

Wright, C. J., McComb, J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurred.