[S. F. No. 16586. In Bank. Dec. 3, 1941.]

ANDREW M. DAVIS, JR., et al., Appellants, v. EAST CONTRA COSTA IRRIGATION DISTRICT, Respondent.

Lloyd W. Dinkelspiel, Donald W. Falconer and Heller, Ehrman, White & McAuliffe for Appellants.

A. L. Cowell, Stephen W. Downey and Downey, Brand & Seymour for Respondent.

Harry W. Horton, Arvin B. Shaw, Jr., P. Jack Minasian, Thomas Boone, Hankins & Hankins and C. F. Metteer, as *Amici Curiae,* on behalf of Respondent.

EDMONDS, J.—The appellants sued to recover compensation for the damage to land owned by them which, they alleged, was caused by the seepage or overflow of water from the canals of the East Contra Costa Irrigation District. They have appealed from a judgment which followed an order sustaining the district's demurrer to their third amended complaint without leave to amend.

The principal point presented by the demurrer is that the appellants failed to allege the filing of a verified claim for damages as required by section 2 of the Irrigation District Liability Law of 1935 (Stats. 1935, p. 2250; Deering's Gen. Laws, vol. 1, p. 1932, Act 3886 l). As this statute is applicable to an action in eminent domain (*Powers Farms, Inc.,* v. *Consolidated Irrigation District, ante,* p. 123 [119 Pac. (2d) 717]), the sole question for decision is whether either of the four counts of the appellants' complaint states a cause of action for injury or damage ''as a result of any dangerous or defective condition of any property owned or operated and under the control'' of the respondent district. (Sec. 2, *supra.*)

The gravamen of the appellants' charge is that their orchard and agricultural acreage has been severely damaged or destroyed by waters escaping through seepage, overflow, or other means from the canals and works of the respondent

district, and by its failure to maintain adequate drainage facilities. Although the complaint does not allege in express terms that the condition created by the district was "dangerous or defective," the facts stated show that it was such, and the use of the words of the statute would add nothing except the statement of a conclusion. The word "dangerous," as ordinarily defined, means "attended or beset with danger; full of risk; perilous" (Webster's New International Dictionary, Second Edition). Manifestly the condition created by the district's activities over a long period of years in transporting great quantities of water for irrigation and in permitting it to escape, seep, or overflow from canals and ditches in such volume as to raise the water level underlying the appellants' lands to an extent which has rendered them useless for agricultural or horticultural purposes, is a condition "dangerous" to their property. The same is true of the district's failure to maintain drainage facilities adequate to remedy the situation.

The appellants allege in a second cause of action that damage has resulted from the district's transportation and distribution of artificial water by seepage and overflow through canals and ditches to lands within the district, "including lands now owned by defendant district in the vicinity of plaintiffs' said lands." These allegations, the appellants contend, merely charge damage caused by the condition of lands belonging to and under the control of third parties, not by the condition of property of the district. But this argument is not supported by their pleading because they base all of their causes of action upon the charge that the district is wholly responsible for the damage. No claim is made against other owners of land in the vicinity.

In the last analysis the appellants' causes of action charge no more than that the district permitted its water to escape and flood and damage their land. If the district permitted the water to escape, a dangerous condition necessarily resulted. Under such circumstances the Irrigation District Liability Law, *supra,* is applicable and a claim must be filed as the basis for a cause of action. The fact that this statute does not apply to property "taken" for public use, as distinguished from property "damaged" for such use does not

aid the appellants as their complaint alleges only damage to and not a taking of their property.

The judgment is affirmed.

Gibson, C. J., Shenk, J., Curtis, J., and Traynor, J., concurred.

CARTER, J., Dissenting.—I dissent.

The majority opinion in this case is predicated upon the rule announced in the majority opinion in the case of *Powers Farms, Inc.,* v. *Consolidated Irrigation District* this day decided. I filed a dissenting opinion in the Powers Farms case which covers the same legal propositions involved in the above-entitled cause, and for the reasons stated and upon the authorities cited in my dissenting opinion in the Powers Farms case, in my opinion the judgment against the plaintiff in this case should be reversed.