[Civ. No. 5722.   Fourth Dist.   Jan. 22, 1958.]

WAYNE H. FISHER et al., Respondents, v. PALO VERDE IRRIGATION DISTRICT, Appellant.

Frank E. Jenney, Horton, Knox & Carter and Stanley C. Lagerlof for Appellant.

Louis A. Audet for Respondents.

BARNARD, P. J.—This is an action for damages claimed to have resulted from the defendant's widening of one of its irrigation canals. This canal had existed for many years prior to 1933 through and across farm property owned by the plaintiffs.

This canal formerly belonged to the Palo Verde Mutual Water Company, which was formed in 1908. The defendant irrigation district was formed in 1923, and shortly thereafter it acquired the facilities and rights of the Palo Verde Mutual Water Company. By 1933, as a result of the depression, a very large part of the property in the district was delinquent both as to county taxes and district assessments. In 1934, pursuant to what was then section 3897d of the Political Code, the governing boards of the defendant district and of Riverside County approved a "Rehabilitation Plan" providing in brief that the district would acquire the county and state title to tax-deeded property in the district on certain terms, and then would offer the same for sale to former owners on certain terms; that where the property had been deeded to the state the transaction would be handled as a sale; and that where the property was not yet deeded to the state it would be handled as a lease to be consummated into a sale when the district acquired the state's title. A notice was sent to the former owners providing that this offer was good only if an application to purchase or lease was made to the district within 60 days from November 1, 1934. The notice and rehabilitation plan each provided that the leases and deeds should contain, so far as material here, such provisions as the district might approve in respect to excepting and reserving to the district canals owned by the district and rights of way for irrigation ditches and canals. The rehabilitation plan itself contained a provision that all papers and proceedings employed in carrying the plan in effect should be in a form approved by the district and its counsel. The plaintiff Wayne Fisher was a member of the board of trustees of the defendant district and a member of the district rehabilitation committee, and was familiar with the rehabilitation plan and the application requirements.

Fisher was absent on leave from September 10, 1934, to October 8, 1935, but before December 31, 1934, applications on the Fisher property were executed by an agent of Fisher. These applications were approved by the district and the rehabilitation agreements and leases on the property were later signed by Fisher and his wife. A deed to the property

in question was executed by the district and mailed to Fisher on March 19, 1940. However, the deed was not recorded until May, 1951.

This deed, as well as the preceding rehabilitation agreement and lease, contained a reservation in favor of the district which reads as follows:

"(c) The perpetual and continuing right to use, operate, maintain, construct, reconstruct, repair and replace any and all such works and structures, including, without limiting the generality of the foregoing, irrigation and drainage canals, laterals, ditches, pipes, flumes, roads, bridges, levees, borrow pits, spoil banks, gates, head gates, telephone and power lines, as now are or heretofore have been built, constructed, used or maintained by said District, on, over, under, and across said lands, and for any of the purposes authorized by said Palo Verde Irrigation District, and the perpetual and continuing right to build, construct, reconstruct, repair, replace, maintain, use and operate, one or more such works or structures, on, over or under and across said lands, as may be necessary or convenient for the accomplishment of any of the purposes of said Act. The rights herein excepted and reserved shall not be exhausted by the construction or location on or in said land of any one of such works or structures, but said rights may be exercised from time to time as said District may find necessary or convenient."

In January, 1953, the defendant district adopted a resolution authorizing the widening and deepening of one of its canals which runs through plaintiffs' property for the purpose of facilitating the supply of water to about 4,000 acres of land at the southern end of the district, and thus bringing that land into cultivation. This work was begun in February, 1953, against the consent and over the protest of the plaintiffs. In doing this work the north bank of this canal was extended northward some 20 to 30 feet, thus taking an additional area of plaintiffs' land which had not previously been used for canal purposes, amounting to 1.9 acres. In doing this work the defendant also destroyed parts of certain private water ditches and works belonging to the plaintiffs, the repair of which cost the plaintiffs $401.90. The canal in question had been in existence for more than 30 years, during which it had remained unchanged.

In this action which followed, the plaintiffs in separate counts asked for the value of the land thus taken, and for damages for the injury to their private ditches; for declara-

tory relief as to the rights and duties of the parties under the reservation in their deed from the defendant district; for alleged fraud in holding this deed for 11 years and then recording it without plaintiffs' knowledge that said reservation was in the deed; and to quiet their title as to any claims of the defendant. The answer alleged, among other things, that the defendant had acquired easements and rights of way for irrigation canals from the Palo Verde Mutual Water Company, including the canal here involved; that an essential part of the rehabilitation plan above described was the getting of all farmable lands into cultivation in order to broaden the district's assessment base, and the making of broad reservations in favor of the district in the sale of tax-deeded lands to the end of rehabilitating and expanding the canals and works of the defendant district; and that the plaintiffs were estopped from attacking the reservation in their deed since Mr. Fisher, as a member of the district's board of directors, actively participated in the rehabilitation plan and from 1933 to 1948 voted to assert and interpret these reservations in accordance with the district's present contentions.

After a trial the court found, among other things, that the canal here in question was a part of the original irrigation system of the Palo Verde Mutual Water Company and was acquired and taken over by the defendant district; that the widening of this canal by the defendant in 1953 was for the purpose of supplying a greater flow of water to additional lands, including 4,000 acres at the southern end of said district; that in widening said canal its north bank was extended northward from 22 to 32 feet, thus taking an additional area of plaintiffs' land not previously used for canal purposes, equivalent to 1.9 acres; that said 1.9 acres of land was worth $1,140; that in thus widening this canal the defendant also damaged private ditches and works adjoining said canal which the plaintiffs repaired at a cost of $401.90, and which has not been repaid by the defendant; that the reservation in the rehabilitation agreement and in the deed from the defendant to the plaintiffs "is a valid and subsisting reservation of right and, upon the subjects which it covers, determinative of the rights of the parties"; and that such reservation was not included in said deed through fraud, inadvertence, neglect or mistake. Judgment was entered decreeing that the plaintiffs are the owners of the real property described in their complaint, subject to the reservations contained in the deed from the defendant to the plaintiffs; that the plaintiffs have judg-

ment for $401.90 for damage to their irrigating ditches and structures, and for $1,140 for land taken by the defendant in widening this canal; and that upon all other issues the judgment was for the defendant.

The defendant has appealed from this judgment, contending that the court's holding to the effect that the respondents are entitled to recover these amounts is diametrically opposed to and inconsistent with its holding that the reservations in this deed are valid; that the very essence of the rehabilitation plan contemplated and required the serving of all lands within the district and this was within the purpose of the widening of this canal; that the reservations contained in the deed permit the district to widen this preexisting canal where this was deemed reasonably necessary to accomplish the purposes of the rehabilitation plan; that under the rehabilitation plan all lands in the district were burdened by this contract and the reservation in this deed applied not only to existing facilities but to future facilities as needed by the district from time to time in perpetuity; that the district has "general and floating easements and expanding rights of way" for such periodic widening of the canal in question as may become necessary at any time; that while ordinarily an easement once exercised is limited to the use once fixed, the easement in question specifically provides that the rights reserved shall not be exhausted by the construction or location of one of such works, but said rights may be exercised from time to time; and that since the widening of this canal was within the appellant's reserved and contract easement no compensation could be allowed for its exercise. It is further contended that the respondent Wayne Fisher should be held to be estopped from challenging the effect of this reservation in his deed; and that the $401.90 for damages to respondents' private ditches should not have been allowed since no verified claim was served or filed as required by section 22727 of the Water Code.

The most important question here raised is whether the reservation in this deed is broad enough to permit the taking of this land for the purpose of widening this canal without the payment of compensation for the land thus taken. The appellant argues that it was necessary under the rehabilitation plan for it to take in new land and supply water thereto in order to broaden the tax base. Insofar as this was necessary under that plan in 1934 it apparently was done, and it may well be doubted whether the decision some 20 years later to

supply water to an additional 4,000 acres should be considered as a part of the original rehabilitation plan. After that plan was carried out and executed the canal here in question, which had been in existence for many years, was allowed to remain unchanged for another 20 years. Three former officers of the appellant district testified to the effect that it was their understanding, when this reservation was placed in the rehabilitation plan papers, that it was intended merely as a clarification and rewording of prior existing easements which had been acquired from the Palo Verde Mutual Water Company. This may explain the language used in this reservation, and account for the ambiguity left by that language. While this reservation specifically mentions the right to maintain, reconstruct, repair and replace irrigation canals nothing is said therein with respect to any right to widen or extend such canals. The reservation first gives the right to reconstruct, repair and replace certain "works and structures" including an irrigation canal. It then gives a right to build, repair and replace "one or more such works or structures"; and then provides that the rights thus given shall not be exhausted by the construction or location on said land of "any one of such works or structures" but that said rights may be exercised from time to time. The first of these provisions seems to indicate an intention to reserve the right to repair or replace existing works and structures, in other words existing canals. The other provisions giving the right to construct or operate "one or more such works" would seem intended to give the right to construct and maintain other and different canals or "works" as a whole, to accomplish the purposes of the district, rather than to give the right to widen an existing canal to the extent that might be desired in future years. Assuming that this reservation would permit the construction of a different canal on this land, it does not follow that it would permit taking additional land without compensation for the purpose of widening and increasing the capacity of an existing canal which had been used and maintained in the same place and condition for many years. While this reservation may be broad enough to cover such widening as may naturally result from the repeated cleaning of a canal, it does not permit or justify an extensive widening for an entirely different purpose. If appellant's contention of the meaning of this reservation were to prevail subsequent widenings in future years could take away most or all of the respondents' land without the payment of any compensation. We conclude that the interpretation placed on this reservation

by the trial court was a reasonable one, which was justified by the wording of the reservation. Under this interpretation the two holdings of the trial court are not inconsistent with each other, and compensation for the land taken was properly allowed.

Upon the record before us it cannot be held, as a matter of law, that the respondents are estopped from seeking an interpretation of this reservation provision as applicable to their land under the circumstances disclosed by the evidence.

A different situation appears with respect to the award of $401.90 to the respondents as the cost of restoring private ditches which were destroyed by the appellant in the process of widening this canal. The respondents concede that no claim for that damage was filed and argue that this damage was not caused by a negligent act of the appellant but was caused by a deliberate overt act, of which the appellant had knowledge. It is argued that this constituted a taking of this property under the principles stated in the case of *Powers Farms* v. *Consolidated Irr. Dist.*, 19 Cal.2d 123 [119 P.2d 717], and not a mere damage to the property, and that therefore the filing of a claim was not necessary. This involves an injury to property outside of the land taken and does not constitute a taking of property within the meaning of the rule whereby the filing of a claim would not be necessary, but constitutes an item of temporary damage to other property which could be and which was repaired. (*Davis* v. *East Contra Costa Dist.*, 19 Cal.2d 140 [119 P.2d 727].) It follows that the award to the respondents of $401.90 should not have been made.

The order denying a motion for a new trial and the order denying a motion for the entry of a different judgment upon the findings are nonappealable orders, and the purported appeals therefrom are dismissed. The judgment is modified by striking therefrom the part which awards the respondents $401.90 for damage to irrigating ditches and structures and, as so modified, the judgment is affirmed. Each party to pay its own costs on appeal.

Mussell, J., and Waite, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.