[Civ. No. 4206.   Fourth Dist.   Nov. 16, 1950.]

CARMEN MENDIBLES, Appellant, v. CITY OF SAN DIEGO, Respondent.

Noon & Noon and J. H. McKinney for Appellant.

McInnis & Hamilton and John W. McInnis for Respondent.

MUSSELL, J.—This appeal is presented upon an agreed statement from which it appears that plaintiff sustained personal injuries while walking in a pedestrian crosswalk on Broadway Street in the city of San Diego; that she tripped and fell on a ridge extending across the crosswalk; that, according to the complaint, her fall was caused by the negligent condition of the street, and that the ridge was caused by the negligence of the city of San Diego through its officers and employees; that on July 8, 1947, plaintiff filed her verified claim with the auditor and comptroller of the city of San Diego, setting forth and specifying her name and address, the date and place of the accident, the extent of her injuries and damages suffered by her; that the plaintiff did not file or present her verified claim to the city clerk of the said city; that on August 12, 1947, the city council of San Diego considered the said claim and, by resolution, denied it; that thereafter plaintiff filed the present action and at the trial introduced evidence of her injuries and the filing of the claim with the city auditor and comptroller; that at the conclusion of plaintiff's case, the defendant moved for a nonsuit on the ground that the plaintiff had failed to comply with the requirements of section 1981 of the Government Code in that she did not file her verified claim with the city clerk, and that the filing of the said claim with the auditor and comptroller was not sufficient in law. The trial court thereupon granted the defendant's motion for nonsuit on the grounds stated and judgment was entered in favor of the defendant. The agreed statement also contains a recital that the sole question to be determined on this appeal is whether the filing by the plaintiff of her verified claim with the city auditor and comptroller constituted a sufficient compliance with section 1981 of the Government Code.

The present action is brought under the provisions of the public liability statute imposing liability upon municipalities for injury to persons and property from dangerous or defective conditions of public streets, highways, buildings, works and property. (Stats. 1923, p. 675; Deering's Gen. Laws 1937, Act 5619.) The claim statute involved is Act 5149, 2 Deering's General Laws of 1937. Section 1 of that act provides as follows:

"Claim for damages suffered on public property. Whenever it is claimed that any person has been injured or any property damaged as a result of the dangerous or defective condition of any public street, highway, building, park, grounds, works or property, a verified claim for damages shall be presented in writing and filed with the clerk or secretary of the legislative body of the municipality, county, city and county, or school district, as the case may be, within ninety days after such accident has occurred. Such claim shall specify the name and address of the claimant, the date and place of the accident and the extent of the injuries or damages received."

In the most recent case on the subject, *Ansell* v. *City of San Diego,* 35 Cal.2d 76 [216 P.2d 455], it was held that it is necessary to file a claim with the city in cases specified in Act 5149 [claims of liability by reason of dangerous or defective condition of public property]. The court, however, in that case did not pass upon the precise question here involved.

In *Wilkes* v. *City etc. of San Francisco,* 44 Cal.App.2d 393 [112 P.2d 759] ; *Douglass* v. *City of Los Angeles,* 5 Cal.2d 123 [53 P.2d 353] ; *Johnson* v. *City of Glendale,* 12 Cal.App.2d 389 [55 P.2d 580], and *Edward Brown & Sons* v. *City & County of San Francisco,* 95 A.C.A. 189 [212 P.2d 562], it was held that claims of this character must be filed at the place designated in the state statute. In the last mentioned case (in which a hearing was granted by the Supreme Court and affirmed on other grounds, 36 Cal.2d 272 [223 P.2d 231]) in a dissenting opinion by Mr. Justice Peters, Presiding Justice, attention is called to the fact that the above mentioned cases were decided prior to the decision in the case of *Farrell* v. *County of Placer,* 23 Cal.2d 624 [145 P.2d 570, 153 A.L.R. 323], and the observation is made that the decision in the Farrell case qualifies the general rule.

The Farrell case was an action based upon the public liability statute and it was therein held that the principle of equitable estoppel will run against a governmental agency where justice and right require it (citing numerous cases), and the principle of estoppel was applied where it was shown that the defendants, before the time for filing the claim had expired, and only about 13 days after the accident occurred, obtained a full and complete statement from the plaintiff concerning the accident, from which they were enabled to investigate the accident fully; that defendants advised plaintiff not to employ counsel, thus lulling her into a sense of security and persuading her not to avail herself of legal assistance in

the protection of her rights; that plaintiff was told that it would be satisfactory with defendants for her to wait until she knew the extent of her injuries before she stated the amount she claimed or made a settlement; that plaintiff believed and relied upon those statements and conduct of the defendants and as a result did not consult with counsel or take any proceedings in regard to her claim.

In the instant case, it appears from appellant's opening brief that soon after the accident, a letter was written to the mayor of the city of San Diego by Mr. Fellows, acting for the plaintiff, inquiring where and with whom he should file° appellant's claim. A copy of a letter from the mayor's secretary to Mr. Fellows in answer to his letter was produced, stating that the mayor was out of the city and would answer when he returned; that Mr. Fellows was not permitted to testify as to the contents of the letter which he received from the mayor, but in an offer of proof in the absence of the jury he stated that the mayor advised him by letter to file a claim with the auditor and comptroller of the city of San Diego. This statement in appellant's opening brief is not denied by the respondent.

The record before us contains a resolution of the city council of the city of San Diego, dated August 12, 1947, one month and four days after the filing of the claim with the city auditor and comptroller, which resolution indicates that the city council considered and passed upon the validity and the merits of plaintiff's claim and was fully informed concerning its contents.

The principal purpose of the requirement that claims be filed is to provide the city with full information concerning the rights asserted against it, so that it may settle those of merit without litigation. (*Natural Soda Prod. Co.* v. *City of Los Angeles*, 23 Cal.2d 193, 203 [143 P.2d 12]; *Knight* v. *City of Los Angeles*, 26 Cal.2d 764, 767 [160 P.2d 779]; *Abrahamson* v. *City of Ceres*, 90 Cal.App.2d 523, 528 [203 P.2d 98]; *Sandstoe* v. *Atchison, T. & S. F. Ry Co.*, 28 Cal.App.2d 215, 223 [82 P.2d 216].)

There is no suggestion in the record before us that the city did not have every opportunity to fully investigate plaintiff's claim and to pass upon its merits. No contention is advanced that the claim did not specify the name and address of the claimant, the date and place of the accident and the extent of the injuries or damages received. It was apparently in writing, properly verified, and no doubt was presented to the

city council by the auditor or some representative of the municipality.

It has been held that a city may not waive the requirements of the statute and is not estopped to assert the defense of failure to comply with the statutory requirements relative to the filing of claims. (*Hall* v. *City of Los Angeles,* 19 Cal.2d 198, 203 [120 P.2d 13].) However, the doctrine of equitable estoppel was applied in the Farrell case, *supra,* and in the following cases: *Tyra* v. *Board of Police etc. Commrs.,* 32 Cal. 2d 666, 671 [197 P.2d 710]; *Benner* v. *Industrial Acc. Com.,* 26 Cal.2d 346 [159 P.2d 24]; and *County of Sacramento* v. *City of Sacramento,* 75 Cal.App.2d 436, 447 [171 P.2d 477].

In the instant case evidence was offered that the plaintiff was directed and induced by the acts and conduct of the mayor to file her claim with the city auditor and comptroller instead of with the city clerk. Moreover, at the time plaintiff was injured (June 9, 1947) the charter of the city of San Diego (§ 110; Stats. 1939, p. 3175) provided that

"No suit shall be brought on any claim for money or damages against the City of San Diego, or any officer or commission of the City, until a demand for the same has been presented to the Auditor and Controller and rejected in whole or in part by the Council. If rejected in part, suit may be brought to recover the whole. Except in those cases where a shorter period of time is provided by law, all claims for damages against the City must be presented within six months after the last item of the account or claim has accrued."

Plaintiff complied with the provisions of the charter and followed the instructions received from the mayor in filing her claim. An equitable estoppel sufficient as against a nonsuit was thus created.

As was said in *Benner* v. *Industrial Acc. Com., supra,* 349, 350:

"To create an equitable estoppel, 'it is enough if the party has been induced to *refrain* from using such means or taking such action as lay in his power, by which he might have retrieved his position and saved himself from loss'." (Citing authorities.)

The trial court granted a nonsuit herein on the sole ground that the plaintiff had failed to comply with the requirements of section 1981 of the Government Code. In *Ansell* v. *City of San Diego, supra,* 79, it is held that section 1981 of the Government Code does not apply to or control claims or actions against a public agency. Since the action herein

is against the city of San Diego, under the Ansell case section 1981 can have no application and the nonsuit should not have been granted because of a failure to observe the requirements of this code section.

■ A nonsuit should be granted only when a motion for a nonsuit involves the legal effect of admitted facts. When made at the close of plaintiff's case, it in purpose and effect operates as a demurrer to the evidence, and must therefore assume that all the evidence in favor of the plaintiff, if relevant to the issues, is true. (*Henderson* v. *Progressive etc. System*, 57 Cal.App.2d 180, 183 [134 P.2d 807].) The rules governing us in reviewing a judgment entered after granting a motion for nonsuit are stated in *Bosqui* v. *City of San Bernardino*, 2 Cal.2d 747, 760 [43 P.2d 547].

The trial court herein should have permitted testimony pertaining to the circumstances under which the claim was filed in the instant case and the judgment of nonsuit, under the facts disclosed by the record before us, was erroneous.

Judgment reversed.

Barnard, P. J., and Griffin, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied January 11, 1951.