[Civ. No. 32013. First Dist., Div. Two. Nov. 30, 1972.]

TIM McLAUGHLIN et al., Petitioners, v.
THE SUPERIOR COURT OF HUMBOLDT COUNTY, Respondent;
LAWRENCE L. LIGHTHILL, Real Party in Interest.

**COUNSEL**

Gary L. Hall and Fitzwilliam, Memering, Stumbos & DeMers for Petitioners.

No appearance for Respondent.

Frederick L. Hilger for Real Party in Interest.

**OPINION**

**ROUSE, J.**—Plaintiff, Lawrence L. Lighthill, commenced a personal injury action against Tim McLaughlin, Milton Allen, and the State of California, acting by and through the Division of Highways, in the Humboldt County Superior Court. Defendants' motion for summary judgment in that action was denied and defendants have now petitioned this court for a writ of mandate to compel respondent superior court to vacate such order. ██ If the motion should have been granted, mandamus sought in this

proceeding is an appropriate remedy. (*Whitney's at the Beach* v. *Superior Court* (1970) 3 Cal.App.3d 258 [83 Cal.Rptr. 237]; *Bank of America* v. *Superior Court* (1970) 4 Cal.App.3d 435 [84 Cal.Rptr. 421].)

In their motion for summary judgment, defendants, who are the petitioners in this action, contended that plaintiff's cause of action for damages for personal injuries was barred by his failure to comply with applicable statutes governing the presentation of claims against a public entity. Specifically, defendants argue that plaintiff failed to comply with the provisions of Government Code, section 946.6, which require a claimant to petition the court for an order relieving him from the provisions of section 945.4, when his application for leave to present a claim has been denied.[1]

Defendants established that the cause of action in the instant case accrued on July 24, 1970; that plaintiff failed to present a claim to the public entity within 100 days;[2] that plaintiff made application for leave to present such claim on June 30, 1971;[3] that the State Board of Control "declined to grant [his] request" on August 4, 1971; and that thereafter plaintiff filed suit on the cause of action to which the claim related without first obtaining a court order relieving him from the provisions of section 945.4, as required by section 946.6.[4]

---

[1] All references herein to code sections are to the Government Code.

[2] Section 911.2: "A claim relating to a cause of action for death or for injury to person or to personal property or growing crops shall be presented as provided in Article 2 (commencing with Section 915) of this chapter not later than the 100th day after the accrual of the cause of action. A claim relating to any other cause of action shall be presented as provided in Article 2 (commencing with Section 915) of this chapter not later than one year after the accrual of the cause of action."

[3] Section 911.4: "(a) When a claim that is required by Section 911.2 to be presented not later than the 100th day after the accrual of the cause of action is not presented within such time, a written application may be made to the public entity for leave to present such claim. (b) The application shall be presented to the public entity as provided in Article 2 (commencing with Section 915) of this chapter within a reasonable time not to exceed one year after the accrual of the cause of action and shall state the reason for the delay in presenting the claim. The proposed claim shall be attached to the application. . . ."

[4] Section 946.6: "(a) Where an application for leave to present a claim is denied or deemed to be denied pursuant to Section 911.6, a petition may be made to the court for an order relieving the petitioner from the provisions of Section 945.4. The proper court for filing the petition is a court which would be a competent court for the trial of an action on the cause of action to which the claim relates and which is located in a county or judicial district which would be a proper place for the trial of such action, and if the petition is filed in a court which is not a proper court for the determination of the matter, the court, on motion of any party, shall transfer the proceeding to a proper court. (b) The petition must show (1) that application was made to the board under Section 911.4 and was denied or deemed denied, (2) the reason for failure to present the claim within the time limit specified in Section 911.2 and (3) the information required by Section 910. The petition shall be filed within six months after

■ Compliance with section 946.6 is mandatory unless excused on the basis of equitable estoppel. (*Kendrick* v. *City of La Mirada* (1969) 272 Cal. App.2d 325, 328 [77 Cal.Rptr. 444].)

Plaintiff admits that he did not petition for such relief in the superior court before he filed his action; however, he asserts that the letter he received from the State Board of Control misled him into believing that the board had rejected his *claim* rather than his *application for leave to file a late claim*,[5] and that his action is not barred since he filed his action within a six months' period, as required by section 945.6, subdivision (a), subsection (1).[6]

The letter which plaintiff received from the State Board of Control reads as follows: "Re: *Application for leave to present late claim on behalf of* LAWRENCE LIGHTHILL. . . .

"The above entitled *application* was referred to the Board of Control at its meeting of August 3, 1971. After reviewing said *application*, the board *declined to grant your request.*" (Italics partially added.)

Although this paragraph, standing alone, would seem to constitute a denial of the application for leave to present a late claim, the bottom of the letter contains the following "WARNING": "Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on the *rejected claim,* or the *portion of the claim rejected.* See Government Code Section 945.6. You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately." (Italics added.)

The warning appearing on the written notice mailed to the petitioner specifically refers to a "rejected claim" or "portion of the claim rejected." It is a warning notice which is required to be given under section 913, when

---

the application to the board is denied or deemed to be denied pursuant to Section 911.6. (c) The court shall relieve the petitioner from the provisions of Section 945.4 if the court finds that the application to the board under Section 911.4 was made within a reasonable time . . . ."

[5]Section 911.4, subdivision (b), requires that the proposed claim be attached to the application for permission to present a claim not timely presented.

[6]Section 945.6, subdivision (a), subsection (1), reads in pertinent part as follows: "Except as provided in Sections 946.4 and 946.6 and subject to subdivision (b), any suit brought against a public entity on a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of this division must be commenced: (1) *If written notice is given in accordance with Section 913, not later than six months after the date such notice is personally delivered or deposited in the mail.*" (Italics added.)

"the *claim* is rejected in whole or in part."[7] (Italics added.) No such warning notice is required to be given under section 911.8, *when an application for leave to present a claim is denied.*[8]

Section 915.4 lists three types of statutory notices as the "notices provided for in Sections 910.8, 911.8, and 913. . . ."[9] Section 910.8 provides for written notice of a claim's insufficiency; section 911.8 provides for written notice of the board's action upon an application for leave to present a claim; and section 913 provides for written notice of the action taken on a claim.

■ In the instant case, action by the board of control concerned plaintiff's *application for leave to file a late claim* and not the claim itself. We conclude, therefore, that it was both confusing and misleading to include in the board's letter to petitioner a warning which only pertains to action taken upon a claim.[10]

---

[7] Section 913 reads as follows: "(a) Written notice of the action taken under Section 912.6 or 912.8 or the inaction which is deemed rejection under Section 912.4 shall be given in the manner prescribed by Section 915.4. Such notice may be in substantially the following form: 'Notice is hereby given that the claim which you presented to the (insert title of board or officer) on (indicate date) was (indicate whether rejected, allowed, allowed in the amount of $ . . . . . . . . . . . and rejected as to the balance, rejected by operation of law, or other appropriate language, whichever is applicable) on (indicate date of action or rejection by operation of law).' (b) If the claim is rejected in whole or in part, the notice required by subdivision (a) shall include a warning in substantially the following form:

" 'WARNING

" 'Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. See Government Code Section 945.6. You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.' "

[8] Section 911.8: "Written notice of the board's action upon the *application* shall be given in the manner prescribed by Section 915.4." (Italics added.)

[9] Section 915.4: "(a) The notices provided for in Sections 910.8, 911.8, and 913 shall be given by either of the following methods: (1) Personally delivering the notice to the person presenting the claim or making the application. (2) Mailing the notice to the address, if any, stated in the claim or application as the address to which the person presenting the claim or making the application desires notices to be sent or, if no such address is stated in the claim or application, by mailing the notice to the address, if any, of the claimant as stated in the claim or application. (b) No notice need be given where the claim or application fails to state either an address to which the person presenting the claim or making the application desires notices to be sent or an address of the claimant."

[10] Although no statutory warning is required for notice given pursuant to section 911.8, the board might well direct a claimant's attention to the provisions of section 946.6, which require the claimant, after his application for leave to present a claim is denied, to petition the court for an order relieving him from the provisions of section 945.4 before he may file suit on the cause of action to which the claim relates.

In *Viles* v. *State of California* (1967) 66 Cal.2d 24, 31 [56 Cal.Rptr. 666, 423 P.2d 818], our Supreme Court referred to the intricacies of the claims statutes: " 'The 1963 legislation is remedial and should be liberally construed. Both the courts and Legislature have recognized that the labyrinth of claims statutes previously scattered throughout our statutes were traps for the unwary. [Citations.] An attempt has been made by the Legislature to remove such snares. Courts should not rebuild them by a too narrow interpretation of the new enactments.' "

It was in an attempt to remove such snares that the Legislature revised section 913.[11]

Unlike the plaintiff in *Kendrick* v. *City of La Mirada, supra,* 272 Cal. App.2d 325, plaintiff here has presented facts which, in our opinion, justify his failure to petition for judicial relief pursuant to section 946.6. He has demonstrated to the satisfaction of this court that the written notice he received from the board misled him into believing that the board had rejected his *claim* rather than his *application for leave to present a claim.* Such notice erroneously included a warning required to be given under section 913 when a *claim* is rejected. Plaintiff contends that he acted in reliance upon that notice, to his injury.

Estoppel may be allowed in factual situations where claimants have been misled by governmental agents with respect to the procedural and time requirements of the claims statute. (*Cruise* v. *City & County of San Francisco* (1951) 101 Cal.App.2d 558, 564-565 [225 P.2d 988]; *Mendibles* v. *City of San Diego* (1950) 100 Cal.App.2d 502, 506 [224 P.2d 42]; *Fredrichsen* v. *City of Lakewood* (1971) 6 Cal.3d 353, 357 [99 Cal.Rptr. 13, 491 P.2d 805].)

In light of the established judicial policy that actions should be decided on their merits and our Supreme Court's command that claims statutes should be liberally construed (*Viles* v. *State of California, supra,* 66 Cal.2d at pp. 32-33), we hold that defendants are estopped from asserting plaintiff's noncompliance with the statutes relating to the presentation of claims.

The alternative writ is discharged and the petition is denied.

Taylor, P. J., and Kane, J., concurred.

Petitioners' application for a hearing by the Supreme Court was denied January 31, 1973.

---

[11]See California Law Revision Commission comment to the 1970 amendment.