Opinion
 

 ASHBY, J.
 

 —This is an appeal from an order denying appellant’s petition under Government Code section 946.6 to be relieved of his failure to file a timely claim with the City of Los Angeles as a condition precedent to the filing of a suit for damages for personal injuries. (Gov. Code, § 945.4.) The trial court’s resolution of the issues presented by the petition is subject to appellate review only for an abuse of discretion not supported by substantial evidence.
 
 (Bennett
 
 v.
 
 City of Los Angeles,
 
 12 Cal.App.3d 116, 120-121 [90 Cal.Rptr. 479];
 
 Black
 
 v.
 
 County of Los Angeles,
 
 12 Cal.App.3d 670, 674 [91 Cal.Rptr. 104];
 
 Roberts
 
 v.
 
 State of California,
 
 39 Cal.App.3d 844, 847 [114 Cal.Rptr. 518]; Gov. Code, § 946.6, subd. (e).)
 

 In his proposed complaint appellant alleges that he suffered personal injuries at the hands of Los Angeles police officers while being arrested on January 7, 1975. Appellant did not submit a written claim or application for leave to present a late claim until April 23,
 
 1976.
 
 Appellant obviously failed to satisfy either the 100-day time limit for filing a written claim for personal injuries (Gov. Code, § 911.2) or the 1-year time limit for filing with the city an application for leave to present a late claim (Gov. Code, § 911.4).
 
 [1]
 

 Appellant contends that letters he wrote to the board of police commissioners and the mayor should have been construed as a claim and that the city’s responses to these letters should estop the city from relying upon the claims statutes. These contentions are not supported by the record.
 

 
 *670
 
 The record on appeal does not contain the complaint which appellant apparently made to the board of police commissioners, nor does the record indicate the date of such complaint. The record shows only that the board of police commissioners sent a letter to appellant, apparently in reply, on April 24, 1975, the 107th day after the cause of action accrued.
 
 [2]
 
 Thus the record does not show that appellant submitted even a letter within the first 100 days. Additionally, there is no evidence that agents of the city did anything during the first 100 days which prevented appellant from filing a timely claim as required by law.
 

 After receiving the board’s letter, appellant delayed until September 11, 1975, and then wrote a letter to the mayor. Apparently receiving no reply, he wrote to Mayor Bradley again on December 1, 1975. That letter stated:
 

 “Philranzo Tyus a citizen of the United States of America, finds no individual gripe with arrest if it is deemed necessary. However, in this individual case with all the evidence I have brought forth, Mr. Bradley, it clearly shows to me the intent to do harm without provocation—the harm being done to my singing advancement. I just can’t sing any more! The intent is based on the grounds that the arresting officers knew what they were doing from a professional point of view and that is how to choke to subdue and the consequences are obvious.
 

 “Why choke a person already in handcuffs? Why make a remark, ‘You got a big mouth?[’] I request a hearing in person because I don’t accept the police commission’s report or investigative report nor their medical report. I am seeking justification because there wasn’t anything wrong with me physically or medically at the time of the arrest, and I still have to see the doctor.
 

 
 *671
 
 “If nothing else can be arranged I would still wish a better letter written than the one I received from the Board of Police Commissioners, based on the Affidavit because the one on record now is a threat to my police record and my personal well being.
 

 “Would very much appreciate a reply to this letter as soon as possible as this would be a great relief to a citizen.”
 
 [3]
 

 Appellant alleges that not until the middle of March 1976 did he “finally discover[ ] that I had filed my claim (complaint) with the wrong agency and that the police commissioner and Mayor’s Office did not have the authority to deny or accept a claim for personal injuries and damages.” Appellant filed his application for leave to present a late claim on April 23, 1976. The city attorney responded on May 18, 1976, that “[a]fter reviewing your claim, we bring to your attention the fact that your claim was not filed within one hundred (100) days as required by Government Code Section 911.2. Accordingly, we must deny your claim. [11] You may wish to consult an attorney about this matter if you have not already done so.” Appellant filed his petition in superior court for relief pursuant to Government Code section 946.6 on August 2, 1976, and the petition was denied August 18, 1976.
 

 The record provides no support for appellant’s contention that he timely filed an “informal claim” which should be deemed substantial compliance with the 100-day requirement. As pointed out above, the record does not show when appellant complained to the police department or what he said. At most, it could only be speculated that the complaint to the police department contained the same matter as appellant’s letters to the mayor, and that the complaint might have been received within 100 days since it was investigated and answered on the 107th day. Even if we were to engage in such speculation, appellant’s letter to the mayor cannot reasonably be construed as constituting a claim or substantially a claim. The letter requested only (1) “a hearing” (“because I don’t accept the police commission’s report”); (2) “justification” (“because there wasn’t anything wrong with me physically or
 
 *672
 
 medically at the time of the arrest, and I still have to see the doctor”); and (3) “a better letter written than the one I received from the Board of Police Commissioners” (“because the one on record now is a threat to my police record and my personal well being”). Nowhere in the letter does appellant indicate that he is making a
 
 claim for monetary damages.
 
 Thus, even more basic than the failure of the letter to include the various items required by Government Code section 910 to be included in a claim,
 
 [4]
 
 is the fact that the letter does not even purport to request monetary relief. (Compare the letter in
 
 Foster
 
 v.
 
 McFadden,
 
 30 Cal.App.3d 943 [106 Cal.Rptr. 685], which was from an attorney who had been retained by the claimant, and which unequivocally demanded that the matter be referred to the insurance carrier and indicated that a lawsuit would be initiated if the matter was not satisfactorily resolved.) The purposes of the claims statutes include not only giving the public entity timely opportunity to investigate the claim and determine the facts, but also to settle meritorious claims without litigation.
 
 (Lacy
 
 v.
 
 City of Monrovia,
 
 44 Cal.App.3d 152, 155 [118 Cal.Rptr. 277];
 
 Sheeley
 
 v.
 
 City of Santa Clara,
 
 215 Cal.App.2d 83, 86 [30 Cal.Rptr. 121].) Appellant’s letter failed to put the city on notice that there was in fact any claim to settle. (See
 
 Stromberg, Inc.
 
 v.
 
 L.A. County Flood etc. Dist.,
 
 270 Cal.App.2d 759, 765-766 [76 Cal.Rptr. 183].) Appellant did not substantially comply with the claims statutes.
 

 Appellant contends “that the city made statements regarding his injuries in such a way as to lead him to believe that he had contacted the proper agencies in regards thereto, and also that these agencies purported to make determinations as to his injuries without disclosing the fact that there were other agencies which might better deal with his claim, or without advising him that he should seek counsel.” The trial court could
 
 *673
 
 properly find that the board of police commissioners and the mayor reasonably treated appellant’s complaint as a citizen’s complaint of police misconduct rather than a claim for monetary damages. They were under no duty to advise appellant of the claims statutes or to consult an attorney.
 
 (McGranahan
 
 v.
 
 Rio Vista etc. Sch. Dist.,
 
 224 Cal.App.2d 624, 630 [36 Cal.Rptr. 798] (distinguishing
 
 Dettamanti
 
 v.
 
 Lompoc Union School Dist.,
 
 143 Cal.App.2d 715, 721-722 [300 P.2d 78], cited by appellant).) In purporting to respond to appellant’s complaint, they were not rejecting a claim for monetary damages, and the advice required by Government Code section 911.8 upon rejection of a claim was not applicable. (See
 
 Stromberg, Inc.
 
 v.
 
 L.A. County Flood etc. Dist., supra,
 
 270 Cal.App.2d 759, 764.) Their statements would not reasonably lead appellant to believe that they were acting upon a claim for monetary relief. (Cf.
 
 McLaughlin
 
 v.
 
 Superior Court,
 
 29 Cal.App.3d 35, 40 [105 Cal.Rptr. 384].)
 

 Appellant is the one who chose to complain first to the board of police commissioners and, after apparently being dissatisfied with the board’s response, to delay for five months and then write to the mayor. The board of police commissioners did not tell appellant to do so. Neither the board nor the mayor made misleading statements of the type found in
 
 Mendibles
 
 v.
 
 City of San Diego,
 
 100 Cal.App.2d 502, 506 [224 P.2d 42], and
 
 Cruise
 
 v.
 
 City & County of San Francisco,
 
 101 Cal.App.2d 558, 564-565 [225 P.2d 988], cited by appellant. The trial court could reasonably conclude that appellant failed to act with reasonable diligence in determining the proper procedure if he wished to file a claim for monetaiy damages.
 
 (Bennett
 
 v.
 
 City of Los Angeles, supra,
 
 12 Cal.App.3d 116, 121. See
 
 La Rue
 
 v.
 
 Swoap,
 
 51 Cal.App.3d 543, 551 [124 Cal.Rptr. 329].) Appellant’s ignorance of the law will not alone create an excuse or an estoppel.
 
 (Bennett
 
 v.
 
 City of Los Angeles, supra; Roberts
 
 v.
 
 State of California, supra,
 
 39 Cal.App.3d 844, 847.) Appellant failed to show that the city should be estopped.
 

 The order is affirmed.
 

 Kaus, P. J„ and Stephens, J., concurred.
 

 [1]
 

 The application for leave to present a late claim
 
 must be
 
 filed “within a reasonable time
 
 not to exceed one year after the accrual of the cause of action
 
 and shall state the reason for the delay in presenting the claim. . . .” (Gov. Code, § 911.4, subd. (b); italics added.
 
 Viles
 
 v.
 
 State of California,
 
 66 Cal.2d 24, 31 [56 Cal.Rptr. 666, 423 P.2d 818].)
 

 [2]
 

 The letter from the board of police commissioners stated; “Your complaint alleging misconduct by personnel of this Department has been investigated by the Department’s Internal Affairs Division and reviewed by the Commanding Officer, Operations-Central Bureau and the Board of Police Commissioners. “It has been reported to the Board that you were intoxicated and causing a disturbance in a place of business on West 5th Street. Officers were summoned to the scene and took you into custody. The concerned officer said that while escorting you to the corner of 5th and Main Streets you became combative and this necessitated the use of restraining tactics to subdue you. Sheriff’s Department Jail Hospital records indicate that on January 10, 1975 you reported for sick call and were treated for an upper respiratory infection. There is no record of a report of injury. “The Board is pleased to have been given the opportunity to review this case.”
 

 [3]
 

 The mayor replied on January 14, 1976, as follows: “This office is in receipt of your letter expressing your concern relative to the alleged police harrassment you have experienced. “I have been advised that there has been an investigation into this matter at the request of the Police Commission. The investigation revealed that it was necessary to restrain you because of combative behavior on your part and that there are no records relative to injuries as indicated in your letter of December 1, 1975. “Thank you for contacting me in this regard.”
 

 [4]
 

 Government Code section 910 reads: “A claim shall be presented by the claimant or by a person acting on his behalf and shall show: “(a) The name and post office address of the claimant: “(b) The post office address to which the person presenting the claim desires notices to be sent; “(c) The date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted; “(d) A general description of the indebtedness, obligation, injury, damage or loss incurred so far as it may be known at the time of presentation of the claim; “(e) The name or names of the public employee or employees causing the injury, damage, or loss, if known; and “(0 The amount claimed as of the date of presentation of the claim, including the estimated amount of any prospective injury, damage, or loss, insofar as it may be known at the time of the presentation of the claim, together with the basis of computation of the amount claimed.”