Filed 3/18/26  Emerson v. City of Los Angeles CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| ALISHA EMERSON, | B340933 |
| Plaintiff and Appellant, | Los Angeles County |
| v. | Super. Ct. No. 24STCV00801 |
| CITY OF LOS ANGELES, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Barbara Ann Meiers, Judge. Affirmed.

Alisha Emerson, in pro. per., for Plaintiff and Appellant.

Hydee Feldstein Soto, City Attorney, Denise C. Mills, Chief Deputy City Attorney, Kathleen A. Kenealy, Chief Assistant City Attorney, Shaun Dabby Jacobs, Assistant City Attorney, and Sara Ugaz, Deputy City Attorney, for Defendant and Respondent.

_____

Plaintiff Alisha Emerson, in propria persona, appeals the trial court's judgment of dismissal with prejudice following its order striking her entire action or, alternatively, granting judgment on the pleadings in favor of defendant City of Los Angeles (the City). The dismissal was based on Emerson's failure to present a claim to the City before filing suit. (See Gov. Code, § 945.4; undesignated statutory designations are to this code.) Emerson fails to show reversible error and we therefore affirm.

## BACKGROUND

Emerson, in propria persona, sued the City on January 11, 2024. In her initial handwritten complaint, she alleged the City had breached a settlement the parties had reached in her previous "labor lawsuit" against the City and the Los Angeles Police Department. She also alleged City employees had intentionally caused her emotional distress through various wrongful acts.

Five days later, Emerson filed a handwritten "Amended Complaint" or "Amended Supplemental Complaint," which contained more factual allegations than the initial complaint but did not refer to any causes of action.

On July 8, 2024, Emerson filed a typewritten document entitled "Motion for First Amended Complaint" or "Motion to Amend Complaint." It was in the form of a complaint, not a motion to amend.[1] It listed the following purported causes of

---

[1] Emerson included this document in a "Notice of Lodgment" she filed after we entered an order she interpreted as authorizing it. The notice of lodgment includes a photograph of part of the first page of the "Motion for First Amended Complaint" bearing a filing stamp from the trial court. That is followed by an unstamped version of what appears to be the full document. As it

2

action: (1) breach of contract; (2) wrongful termination; (3) retaliation; and (4) obstruction of the law. Among other things, Emerson sought general and punitive damages.

The trial court held a hearing on July 31, 2024. The proceedings were unreported. The minute order provided: "[Emerson] withdraws her Motion filed on July 8, 2024 to file a 'First Amended Complaint.' . . . [She] instead now has filed a 'Motion for Amended Complaint, etc.' . . . which she seeks to have regarded as her operative Motion and which [in essence] is a 'Motion to file a Second Amended Complaint.' . . . [A] hearing on [her] Motion is set for September 4, 2024 . . . and an additional hearing is set by the Court on Motions brought now and noticed as 'Court's own Motions' under Code of Civil Procedure sections 436 and 438. Both Motions are based on [her] failure to properly state a cause of action in any of her Complaints or proposed Complaints . . . . They also fail to include any allegation [of] compliance with the Tort Claims Act[2] as required by law. Any opposition is to be filed as well as any concurring papers 10 days before the hearing date."

Two days later, on August 2, 2024, Emerson filed: (1) a "Motion for Change of Venue"; (2) a motion to enforce the

---

does not affect our decision, we treat this document as part of the record despite the irregularities.

**2**      We understand, as the record shows Emerson did, that the trial court was referring to the Government Claims Act, Government Code section 810 et seq., by its former short title. (See *Tom Jones Enters. v. County of Los Angeles* (2013) 212 Cal.App.4th 1283, 1291, fn. 5 [noting short title change eff. Jan. 1, 2013].) We use the current short title in this opinion except when quoting the parties or the court.

3

settlement agreement; and (3) a "Memorandum in Opposition to [Emerson's] Failure to Properly State a Cause of Action; Failure to State Tort Claim Act Allegations and Compliance with California Pleading Laws."

Only the last filing is significant here. Regarding compliance with the Government Claims Act, Emerson correctly identified the provisions of the Government Code where it is found. She argued she had asserted a tort claim and discussed the elements of tort claims, generally. Emerson did not argue her operative complaint or proposed amended complaint contained allegations that she complied with the prefiling notice provisions of the Act (see § 945.4) before filing suit against the City.

On August 21, 2024, Emerson filed a motion for default judgment. The same day, the City filed a joinder in the trial court's motion to dismiss.

Two days later, Emerson filed a declaration "in opposition to the court and [the City's] joint motion to dismiss." Though it is not evident on the register of actions, the notice of lodgment contains a "Second Amended Complaint" apparently filed the same day.[3] That document contained purported causes of action for (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, and (3) tortious interference. It contained no allegation Emerson complied with the prefiling notice provisions of the Government Claims Act before filing suit against the City.

On August 28, 2024, Emerson filed a "Supplemental to Second Amended Complaint." This was designated as a "Motion

---

[3]     We again treat this document as part of the record, despite the irregularity, because it does not affect the outcome.

for Leave to second amended complaint" on the register of actions, and a handwritten notation on the document reflected it was set for hearing on September 4, 2024. It included contractual, tort, and statutory causes of action. It contained no allegation Emerson complied with the prefiling notice provisions of the Government Claims Act before filing suit against the City.

On September 4, 2024, the trial court held a hearing on its motions under Code of Civil Procedure sections 436 and 438 and on Emerson's motion for leave to amend to file a second amended complaint. Also set to be heard that day were Emerson's "change of venue" motion and motion to enforce the settlement. A court reporter was present but the transcript is not part of the record. According to the minute order, the court pressed Emerson on whether she presented a notice to the City before bringing suit as required by the "Tort Claims Act." Despite having cited the Act in her August 2, 2024 opposition to the court's motion, "[Emerson] admit[ted] . . . she [ha]d not because she was not aware of the act and its provisions." On this basis, which the court found "controlling and sufficient in and of itself," as well as the court's conclusion that Emerson "failed to properly state any intelligible cause of action," the court ordered the entire action stricken under section 436, which it said "may be regarded as a judgment on the pleadings under [section] 438." It then ordered all other pending motions off calendar and the case dismissed with prejudice.

Five days later, Emerson filed in the trial court a motion for reconsideration, purportedly pursuant to Federal Rules of Civil Procedure, rule 59(e).

Before the trial court addressed that motion, Emerson filed her notice of appeal.

5

## DISCUSSION

Emerson asks us to consider several claims of error. Through a combination of inadequate presentation and lack of merit, we find no error and affirm.

" 'A judgment or order of the lower court is *presumed* correct. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Consequently, the appellant has the burden of providing an adequate record. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295.) Moreover, the appellant has the burden of showing error based on that record "through reasoned argument, citation to the appellate record, and discussion of legal authority." (*Bullock v. Philip Morris USA, Inc.* (2008) 159 Cal.App.4th 655, 685.) Thus, "we may disregard factual contentions that are not supported by citations to the record [citation] or are based on information that is outside the record." (*Tanguilig v. Valdez* (2019) 36 Cal.App.5th 514, 520.) We may similarly "disregard legal arguments that are not supported by citations to legal authority." (*Ibid.*)

In addition to showing error, the appellant must show prejudice stemming from that error. (*Christ v. Schwartz* (2016) 2 Cal.App.5th 440, 455.) Failing that, reversal is unwarranted. (*Ibid.*)

Emerson's self-represented status does not affect the applicability of these rules. A self-represented litigant "is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys." (*Barton v. New United Motor Manufacturing, Inc.* (1996) 43 Cal.App.4th 1200, 1210.)

## I. Dismissal for Failure to Comply with the Government Claims Act

Emerson asserts the trial court "erred by failing to adhere to matters set to be heard; and by using an unassigned tort claim notice inquiry as a defense to dismiss the case." This argument is not supported by adequate citations to the record and appears to rely on matters not in the record. For example, Emerson complains the court disregarded statements she made during the hearing, but there is no reporter's transcript on appeal and the claimed statements do not appear in the relevant minute order. For these reasons, this argument is forfeited.

Even assuming no issues with the record, her argument has no merit. A court has discretion, at any time and on its own initiative, to strike out any part of a pleading not drawn or filed in conformity with the laws of the state, a court rule, or an order of the court. (Code Civ. Proc., § 436, subd. (b).) Similarly, a court may, on its own motion, grant a judgment on the pleadings in favor of the defendant where "[t]he complaint does not state facts sufficient to constitute a cause of action against the defendant." (§ 438, subd. (c)(3)(B)(ii).)

One ground for the trial court's motion to dismiss was that Emerson had not alleged compliance with the Government Claims Act. Under section 945.4, a person is barred from filing suit for money damages against a public entity, like the City, unless they have first presented their claim to the entity in accordance with the provisions of section 900 et seq. and 910 et seq. This applies to *all* claims for money damages, whether arising from tort or contract. (*Baines Pickwick v. City of L.A.* (1999) 72 Cal.App.4th 298, 310.)

Compliance with the prefiling notice provisions of the

7

Government Claims Act is treated as an element of a cause of action for money damages against a public entity. (*State of California v. Superior Court* (2004) 32 Cal.4th 1234, 1243.) Thus, failure to allege such compliance is a proper basis for a judgment on the pleadings (see *id.* at p. 1241, fn. 8) or to strike a complaint (e.g., *Willis v. City of Carlsbad* (2020) 48 Cal.App.5th 1104, 1118).

The September 4, 2024 minute order reflected Emerson admitted she had not complied with the Government Claims Act because she was unaware of it. Moreover, nothing in the record, or any of the other documents Emerson filed in connection with her appeal,[4] shows compliance with such Act. Accordingly, the court's order was warranted, and it is irrelevant that Emerson may have alleged, as she argues in her opening brief, the other elements of one or more causes of action.

Emerson complains she did not have an opportunity to cure the deficiency in her pleading. But because she indisputably had not complied with the Government Claims Act, it was impossible for her to amend her complaint to allege she had. (See *Lowry v. Port San Luis Harbor District* (2020) 56 Cal.App.5th 211, 221.)

---

[4] This includes Emerson's 2023 handwritten note filed as part of her notice of lodgment—a document that was not before the trial court when it entered its order and is not part of the regular record on appeal. This note contains none of the information required by section 910, nor is there any evidence it was delivered in accordance with section 915. And, more fundamentally, nothing in it would alert the City to the prospect of a suit for damages. (See *Tyus v. City of Los Angeles* (1977) 74 Cal.App.3d 667, 672 [absence of request for monetary relief in letter to mayor fatal to claim of adequate statutory notice].)

## II. Emerson's Remaining Arguments Are Forfeited and, in Any Event, Moot

Emerson raises several other points of error. None is supported by citation to an adequate record and reasoned argument undergirded by applicable legal authority. For example, many of her points rest on purported acts or omissions of the trial court at hearings that were not reported or interactions with court officials for which there is simply no record. In other instances, Emerson treats as dispositive procedural rules or rules of ethics that have no applicability here. We need not specifically explain why each of these points is forfeited, however, because they are all moot.

Because the trial court properly concluded Emerson did not comply with, and could not have amended her complaint to plead the requisite compliance with, the Government Claims Act, she could not have been prejudiced by the other purported errors. Dismissal of her action was inevitable, regardless of what actions the trial court erroneously took or failed to take during the course of the proceedings below.

## DISPOSITION

The order is affirmed. The City is entitled to its costs on appeal.

RICHARDSON, J.

WE CONCUR:

LUI, P. J.                    GILBERT, J.*

---

\*      Retired Presiding Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

9